## THE PEOPLE v. GAUNT.

THE granting of continuances rests very much in the discretion of the Court below, and it is only in cases where that discretion has been abused, that the Supreme Court will review its action.

An affidavit for a continuance should state that the facts expected to be proved by the absent witness, cannot be proved by any other witness.

The case of the *People* v. *Gatewood* (20 Cal. 147), as to challenging jurors, affirmed.

APPEAL from the Eleventh Judicial District, Placer County.

The facts are stated in the opinion of the Court.

*Hereford & Williams*, for Appellant.

If error be committed in the case (that is a criminal case), this Court will not undertake to say whether the defendant was injured or not. In the case of *The People* v. *Stewart* (7 Cal. 144) the Court say: "It is enough for us to know it might have been different." In the case of *People* v. *Ybarra* (17 Cal. 171) the Court say: "When error is shown, the burden of establishing its immateriality rests upon the party in whose favor it was committed." In *People* v. *Williams* (18 Cal. 194) the Court say: "If any error intervenes in the proceeding, it is presumed to be injurious to the prisoner."

Certainly error intervened in this case; if so, the case should be reversed, and the case of *The People* v. *Gatewood* reversed.

*C. J. Hillyer*, for Respondent.

As the jurors challenged did not sit in the case, and as the jury was completed and accepted by defendant without exhausting his peremptory challenges, he cannot avail himself of any exception to the ruling of the Court upon the challenges for cause. (*People* v. *Gatewood*, 20 Cal. 146; *People* v. *Knickerbocker*, 1 Parker's Crim. 302; *Freeman* v. *The People*, 4 Denio, 31; *Stewart* v. *The State*, 8 Eng., 13 Ark., 741–743.)

The *People* v. *Gatewood*, which is precisely in point, is fully sustained by the other cases cited, in each of which the facts are almost identical with those of the case at bar.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

The defendant in this case was indicted and tried, in the County of Placer, for the crime of murder, and was convicted of manslaughter. The case was first set for trial July 22d, 1862, but was continued until the next (October) Term, on the application of the defendant, on the ground of the absence of material witnesses. At the October Term, when the case was called for trial, the defendant again moved for a continuance, on the ground of the absence of some of his witnesses; the Court overruled the motion, and this is assigned as error.

The trial was set for October 31st, 1862. The subpena bears date October 13th; was issued to the Sheriff of Santa Clara County, and was served by him on two of the three witnesses October 27th, in that county, the return showing that the other witness was not found. The affidavit of the defendant, on which the motion for a continuance was founded, set forth that he expected to prove by these witnesses the character of the deceased—that he was a quarrelsome man, etc.—and that these facts were known to the defendant; and further states " that he does not know of any other witnesses by whom he can prove the facts aforesaid as fully as by the said witnesses." This matter of granting and refusing continuances rests very much in the discretion of the Court below; and it is only in cases where that discretion has been abused that this Court will

review their action.   We see no abuse of that discretion in the present case.   It is necessary in applications of this kind to show that the testimony of the absent witness is not merely cumulative, and that the same facts cannot be proved by another whose testimony can be procured.   (*People* v. *Thompson*, 4 Cal. 240 ; *People* v. *Quincy*, 8 Id. 89.)  In this respect the affidavit is clearly insufficient, for it admits that the same facts can be proved by others, though not in his opinion as fully as by the absent witnesses.   The facts he states he expected to prove by the absent witnesses, are of such a character as would be likely to be generally known in the community where the deceased lived ; and could, therefore, hardly be confined to a few persons.   There was, therefore, no error in denying the continuance.

During the impanneling of the jury, the defendant challenged one Myrick, who was called as a juror, for implied bias.   Three triers were sworn to inquire whether the jurors challenged were biased against the defendant.   During the examination of the juror, several questions asked by the defendant were ruled out by the Court, to which he excepted.   The triers found the challenge was not true.   Thereupon the defendant challenged the juror peremptorily.   Like proceedings were had as to two other jurors.   This action of the Court is also assigned for error.   The statute gave the defendant twenty peremptory challenges, only ten of which were used by him, thus leaving him ten peremptory challenges after the jury was impanneled.   It is clear, therefore, that the defendant suffered no injury by the ruling of the Court upon these questions, and it is therefore unnecessary to determine whether such ruling was erroneous or not.   (*The People* v. *Gatewood*, 20 Cal. 147.)