## THE PEOPLE *v.* ROBERT DODGE.

PERSONAL ATTENDANCE OF WITNESS IN CRIMINAL CASE.—When an absent witness for a defendant in a criminal action is sick, and it is made to appear that his personal attendance can be procured without unreasonable delay, the statutory mode of taking the testimony of the witness by a commission ought not to be forced upon the defendant against his will, under the penalty of going to trial without it.

CONTINUANCE IN CRIMINAL CASE.—A defendant in a criminal action is entitled to a continuance to enable him to obtain the personal attendance of his witnesses at the trial, if the same can be obtained without unreasonable delay.

APPEAL from the District Court, Fourteenth Judicial District, Nevada County.

The defendant was indicted for the crime of murder, on the 11th day of February, 1865. On the 15th day of March, 1865, the case was set for trial in the District Court for the 4th day of April, 1865. On the last named day the defendant applied for a continuance, on the ground of the absence of Margaret Dodge, one of his witnesses. It was shown that the witness resided in Nevada County, and a subpœna had been served on her, but she had been ill for several weeks, too ill to leave her house without endangering her health. Her attending physicians testified that if quiet was secured to the witness, she might possibly be able to attend the trial within two months.

The District Attorney opposed the continuance because the witness lived in Nevada County and had been sick for several weeks, and the defendant had made no effort to have her testimony taken by commission, as by law provided.

The motion for a continuance was denied, and the defendant was convicted and sentenced. The defendant appealed.

*Dibble & Belden*, for Appellant.

In many of the States the defendant in a capital case is allowed a continuance for one term, almost as a matter of course. (2 Graham & Waterman, N. T., 699.) And if the party, when called for trial, still finds himself unprepared, Courts are extremely indulgent in granting adjournments, even where it is *simply expedient* that a continuance should be had.

(3 Graham & Waterman, N. T., 894; *Turner* v. *Morrison*, 11 Cal. 22.)

The requisite showing for a continuance is: that a material witness is absent; that due diligence has been used to procure his attendance; that the same fact cannot be proven by, any other person; the probability of procuring his attendance within a reasonable time, and that the application is not made for delay; and when no suspicious or countervailing circumstances appear, the continuance will be granted. (*Jackson* v. *Granger*, 6 Cowen, 578; *People* v. *Vermylea*, 7 Cowen, 399; *Toy* v. *State*, 9 Georgia, 373; *Gross* v. *State*, 5 Indiana, 533; *Clark* v, *Dillbee*, 16 Wend. 603; *People* v. *Diaz*, 6 Cal. 250.)

The Court's discretion is to be exercised within well established legal rules. It is a sound and equitable, and not an arbitrary discretion, he is required to exercise. (3 Graham & Waterman, N. T., 1,001; *People* v. *Vermylea*, 7 Cowen, 398.)

That the statute permits a deposition to be taken in this case, does not affect the question. The section permitting a commission to issue in criminal cases is not compulsory; it was designed to furnish to a defendant the means of preserving and perpetuating testimony that would otherwise be wholly lost, and not as a compulsory process to force defendants into trials with insufficient evidence, when a few weeks or days would enable him to procure the personal attendance of his witnesses. The same provision exists in the New York Practice Act; and in adverting to it, said the Court, Mr. Justice Bronson: " The inability of a sick or infirm witness to attend at the trial, although her deposition was taken, and the parties were under a stipulation to try the case, would have been a sufficient excuse for putting off the case." (*Clark* v. *Dillbee*, 16 Wend. 603.) Treating the right of the party to a continuance as a matter of course.

The difference in character and effect of evidence presented by deposition, and from that produced by the personal attendance and examination of the witness before the jury, is well stated in *The People* v. *Vermylea*, 7 Cowen, 399; *People* v. *Diaz*, 6 Cal. 250.

This continuance should have been granted for the reason that defendant had a right to the personal attendance of his witness, and could not be forced to risk his case and his life upon the meagre and unsatisfactory results of a written deposition.

*J. G. McCullough,* *Attorney-General,* for the People.

The defendant failed to take any steps to obtain the testimony by deposition or commission. He had from the time of his arrest to do so. He had nearly two months from the finding of the indictment. He had twenty days from the day the case was called and was set for trial until the day of trial. As the record shows, he knew the witness lived in the county; that she was likely to be too sick to attend the trial. It does not show but that she was able to testify upon deposition. There was an entire want of diligence on the part of defendant. In a civil case he could have obtained no continuance on this state of facts. (*Pierson* v. *Holbrook,* 2 Cal. 598.) If there is any difference, the Criminal Practice Act, as to taking depositions in criminal cases, is stricter than the Act making such provision in civil cases. The same rules govern in criminal as in civil cases in these matters of continuances, and the same amount of diligence is required. (*Commonwealth* v. *Gross,* 1 Ashland Pa. Rep. 281.) The granting or refusing such orders rests in the sound discretion of the Court below, and this Court will not interfere unless for the most cogent reasons, even though the Court below in its action approached very nearly to an arbitrary exercise of its discretion. Its action must be arbitrary and oppressive to warrant interference by this Court. (*Sealy* v. *State,* 1 Kelly Ga. R. 215; *Pilot Creek Canal Company* v. *Chapman,* 11 Cal. 162; *Griffin* v. *Polhemus,* 20 Cal. 181.)

By the Court, SANDERSON, C. J.

The affidavits upon which the motion for a continuance was made were sufficient to entitle the defendant thereto, unless

he was bound under the circumstances to obtain the testimony of the absent witness in the manner authorized by the statute in such cases. (Wood's Digest, p. 314, Secs. 562 to 582 inclusive.) The defendant knew, as appears from the record, that the witness would not, in all probability, be able to attend the trial, and had ample time to obtain her testimony by deposition had he elected to do so; but it also appears that her illness was believed to be temporary, and that she would be able to attend the trial if postponed until the next term of Court. Under these circumstances was the defendant bound to take her testimony on commission or go to trial without it? Such was the only ground urged against the motion in the Court below, and such seems to have been the only ground upon which the motion was denied; and in view of the affidavits used upon the motion, it is clear that there could have been no other ground for the ruling of the Court.

A defendant in a criminal action is undoubtedly entitled to the personal attendance of his witnesses at the trial, if the same can be obtained without unreasonable delay. Such is the policy of the law, not merely from considerations affecting the defendant only, but also from considerations affecting the ends of public justice, irrespective of individual interests, which is manifest from the fact that the depositions of such witnesses are allowed to be read in evidence only upon further evidence at the trial that their personal attendance cannot be obtained. (Section 582.) It is to the interest of the people, as well as the defendant, that the witnesses of the latter should be made to give their testimony in the presence of the jury, for we all know, by daily experience, how much weight is added to or taken from testimony by the personal appearance, bearing and manner of the witness while under examination; if these add to the weight of his testimony, the defendant ought not to be deprived of such effect, except upon grounds of necessity; and if they detract therefrom, such effect should be secured to the people, in order that the ends of public justice may be subserved. Thus this rule requiring the personal attendance of witnesses, if the same can be had, is founded

upon considerations of the wisest policy, and the provisions of the statute whereby the defendant is enabled to examine conditionally, on commission, a witness who is about to leave the State, or is so sick or infirm as to afford reasonable grounds for apprehending that he will be unable to attend the trial, were not designed to impair the rule or abridge the previous rights of the defendant, but, on the contrary, to enlarge those rights by enabling him to secure testimony of which he would otherwise be deprived, and at the same time preserve the rule in full force, so far as the same could be done in view of the right conferred by the statute. When, therefore, it is made to appear that the personal attendance of the absent witness may be procured without unreasonable delay, a resort to the statutory mode of taking his testimony ought not to be forced upon the defendant against his will under penalty of going to trial without it. What would be an unreasonable delay must of course depend upon all the circumstances of the case; but it is certain that a delay of one term of Court upon a first application would not be unreasonable.

Judgment reversed and a new trial ordered.