[In Bank.—August 17, 1883.]

THE PEOPLE, RESPONDENT, *v.* THOMAS MITCHELL, APPELLANT.

CRIMINAL LAW—EVIDENCE—DEPOSITION OF WITNESS UNABLE TO PROCURE SURE-TIES.—Any real departure from the course prescribed by sections 882 and 869 of the Penal Code for taking the deposition of a witness in a criminal case, who is unable to procure sureties for his appearance at the trial, renders the deposition objectionable. Where the fact that the witness was unable to procure sureties for his appearance at the trial was not shown by the *oath* of any one, and the deposition itself does not show that it was read over to the witness, and that he signed it after acknowledging it to be correct, and was not certified by the officer before whom it was taken, it is inadmissible against the defendant.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*John D. Whaley*, for Appellant.

*Attorney-General Marshall*, for Respondent.

McKEE, J.—On the trial of this case the court below permitted the district attorney, over the exception of the defendant's counsel, to read in evidence against the defendant a deposition of James Morris, the complaining witness in the case; and the ruling of the court in that regard is the principal assignment of error.

The deposition purported to have been taken under section 882 of the Penal Code. According to the provisions of that section the right to take the deposition of a witness on behalf of the people, in a criminal case, arises out of the fact that the witness is unable to procure sureties for his appearance on the trial; and that fact must be satisfactorily established by the examination on oath of the witness himself, or of some other person. When the fact has been judicially ascertained, the right to take the deposition of the witness may be put in motion. But the examination of the witness must be had in the presence of the defendant, or after due notice to him, and "must be conducted in the same manner as the examination of a witness before a committing magistrate is required by the Penal Code to be conducted." That is to say, the deposition must contain the name of the witness, his place of residence, and his business, the questions put to him and his answers, together with the objections, if any, made, and the grounds of the objections, to any of the questions or answers, and the rulings thereon; and when the examination is concluded, it must be signed by the witness, or his reasons for refusing to sign stated, and the presiding judge before whom it has been taken must sign and certify to it, if it has been reduced to writing by him or under his direction, unless the examination has been taken down by a phonographic reporter by order of the judge, in which case the reporter's transcript, when written out in long hand and certified by him as being a correct statement of the testimony and proceedings, shall be received as *prima facie* correct. (§ 869, Pen. Code.) But the testimony of the witness is only taken conditionally (§§ 686, 869, Pen. Code), and cannot be read against the defendant until it has been "satisfactorily shown to the court" that the witness is dead or insane, or cannot with due diligence be found within the State. (§ 686, Pen. Code.)

In taking the deposition the officers, so far as it appears on the face of the deposition, wholly failed to observe the requirements of section 882, *supra*, in putting the right in motion, and of section 869, in the manner of conducting the examination. The fact that the witness was unable to procure sureties for his appearance at the trial did not appear by examination on oath

of the witness, or of any other person. The deposition contained the recital that " it appears from *the statement* of William Fitzmaurice that the witness, James Morris, was detained in jail, and was unable to procure sureties." Nowhere does it appear that the statement was made on oath. It may have been a mere verbal statement, upon which no action could have been taken. Besides, the deposition does not show that it was read over to the witness, or that he signed it after acknowledging it to be correct, or that the presiding judge or magistrate before whom it was taken certified to it, as he was required to do under the Code, to entitle it to be read in evidence against the defendant. For the informalities and irregularities apparent on its face, the deposition was therefore inadmissible.

Taking the testimony of a witness on behalf of the people in a criminal case by deposition is an exception to the rule, which entitles the defendant in a criminal action to be confronted with the witnesses against him in the presence of the court; and every substantial requirement of the law which authorizes it must be observed. Any real departure from the course prescribed for the taking of the deposition renders the deposition itself objectionable. (*People* v. *Morine,* 54 Cal. 575; *Williams* v. *Chadbourne,* 6 Cal. 559; *People* v. *Chung Ah Chue,* 57 Cal. 567.)

Judgment reversed and cause remanded for a new trial.

SHARPSTEIN, J., ROSS, J., McKINSTRY, J., MYRICK, J., and THORNTON, J., concurred.