[No. 20573. In Bank. — January 4, 1890.]

## MAY WILLARD, PETITIONER, *v.* SUPERIOR COURT OF SANTA BARBARA COUNTY, RESPONDENT.

CRIMINAL LAW — TRIAL — COMPELLING ATTENDANCE OF WITNESSES — PRISONERS IN STATE PRISON — DEPOSITIONS — DISCRETION — MANDAMUS. — The court may, on a proper showing in a criminal action that the witness is material and necessary, make an order for the attendance upon the trial of a prisoner confined in the state prison, whether the application be for the defendant or for the prosecution; and further, when satisfied that the examination of a witness on behalf of a defendant is necessary, may order that he be examined conditionally; but no deposition can be taken on behalf of the prosecution, as the defendant has the right to be confronted with the witnesses against him. In neither case does the order issue as a matter of right; but the court is clothed with discretion to determine whether necessity exists for the order, which discretion, though subject to review upon appeal, in case of abuse, cannot be controlled by *mandamus.* THORNTON, J., dissenting.

ID. — CONSTITUTIONAL LAW — POWER OF LEGISLATURE. — The legislature has power under the constitution to provide for the taking of depositions conditionally on behalf of a defendant accused of crime in all cases other than cases of homicide, when there is reason to believe that the witness, from inability or other cause, will not attend at the trial; and has power to limit the compulsory attendance of prisoners confined in the state prison to cases of necessity, the existence of which is to be ascertained by the court. THORNTON, J., dissenting.

APPLICATION for a writ of mandate to the Superior Court of Santa Barbara County. The facts are stated in the opinion of the court.

*Beatty & Fowler,* and *Hall & Taggart,* for Petitioner.

*Attorney-General Johnson,* for Respondent.

PATERSON, J. — The question involved in this application for a writ of mandate is, whether a person held for trial on a charge of felony has the right to have the process of the court to compel the attendance in his behalf of witnesses who are confined as prisoners in the state prison. Title 13 of the Penal Code, which is entitled, "Proceedings for bringing prisoners imprisoned in the state prison, or the jail of another county,

before a court," provides that "when it is necessary to have a person imprisoned in the state prison brought before any court, . . . . an order for that purpose may be made by the court and executed by the sheriff of the county where it is made."

If this were the only provision of law bearing on the subject, it would be the duty of the court, on a proper showing by the defendant as to the advisability and materiality of the proposed testimony, to make an order requiring the sheriff to bring the witness from the prison to testify at the trial; but other provisions of the constitution and the codes somewhat becloud the question. Section 1333 of the Penal Code provides that "when the testimony of a material witness for the people is required in a criminal action before a court of record of this state, and such witness is a prisoner in the state prison, or in a county jail, an order for his temporary removal from such prison or jail, and for his production before such court, may be made by the court in which the action is pending, or by the judge thereof; but in case the prison or jail is out of the county in which the application is made, such order shall only be made upon the affidavit of the district attorney, or other person, on behalf of the people, showing that the testimony is material and necessary; and, even then, the granting of the order shall be in the discretion of the court or judge." Section 1346 provides that "when a material witness for a defendant under a criminal charge is a prisoner in the state prison, or in the county jail of a county other than that in which the defendant is to be tried, his deposition may be taken on behalf of the defendant, in the manner provided for in the case of a witness who is sick," etc.

If the legislature had intended to authorize the defendant in a criminal action to compel the attendance of such witnesses, it would have done so doubtless in the same chapter with section 1333 of the Penal Code,

which chapter is devoted to the subject of compelling the attendance of witnesses. The facts that in that chapter provision is carefully made for the production of witnesses on behalf of the prosecution, that nothing is said about witnesses on behalf of defendant, and that in the next chapter, which relates to the examination of witnesses conditionally, provision is made for taking depositions on behalf of the defendant, and nothing is said about depositions on behalf of the prosecution, are significant. Reading the three sections together, it would seem that the legislature intended two things: 1. That the court might, in any case, on a proper showing that the witness was material and necessary, whether for defendant or for the prosecution, make an order for his attendance, — that is the purport of section 1567, and there is nothing in the other sections to overcome it; 2. That the court, when satisfied that the examination of a witness on behalf of a defendant is necessary, may order that he be examined conditionally, but no deposition shall be taken on behalf of the prosecution, the defendant having the right to be confronted at the trial by the witnesses against him. In neither of these cases does an order issue as a matter of right. It issues only when it appears to the satisfaction of the trial court that the witness is necessary. The statute has lodged in that court the right to determine whether the witness is necessary or not, and being thus clothed with discretion, it is not subject to the mandate of this or any other court. For any abuse of that discretion, the aggrieved party has his remedy, which is the same as for all other mere errors of judgment. The legislature, however, recognizing the liability of the criminal classes to abuse the process of the court, if given the privilege, as a matter of right, to command the attendance of persons confined in the state prison, has wisely left it to the court to say whether the witness called for is necessary; and in order to cut

off as many cases of *necessity* as possible, has provided for the taking of depositions. There may be cases in which the personal attendance of a witness confined in the state prison is necessary for the purpose of identity, or for the exhibition of some physical or mental peculiarity, which could not well be described in depositions; but it never was intended to give to a defendant, charged with crime, the power to summon convicts to testify to his good behavior while among them, or at any other time; yet, if the position taken by petitioner be correct, this might be done, the county in which a defendant is to be tried put to great and unnecessary expense, and the courts and officers of the state greatly harassed by contumacious and vindictive criminals.

But it is claimed by petitioner that if this be the proper construction of the acts of the legislature, then those acts are in violation of the provisions of article 1, section 13, of the constitution, and are void. That section provides that "in criminal prosecutions in any court whatever, the party accused shall have the right to a speedy and public trial; to have the process of the court to compel the attendance of witnesses in his behalf, and to appear and defend in person and with counsel." It is contended that, under this provision, the petitioner is entitled, as a matter of right, to an order of the court directing the sheriff to bring from the state prison to testify in his behalf any prisoner or prisoners confined therein, whom he may state in an affidavit to be necessary and material witnesses in his behalf. But the concluding sentence of the section reads as follows: "The legislature shall have power to provide for the taking, in the presence of the party accused and his counsel, of depositions of witnesses in criminal cases other than cases of homicide, when there is reason to believe that the witness, from inability or other cause, will not attend at the trial."

And it is said that this portion of section 13 does not

in any way limit the right guaranteed in the first clause, quoted above, and that it was decided in *People* v. *Hurtado,* 63 Cal. 294, that the last sentence of the section was intended to grant to the accused further and additional rights for his protection, by extending to him the privilege of taking depositions in cases where, from inability, or other cause, the witness could not be brought by the process of the court to testify. We do not so understand the case referred to. The court there said: " The section, with the exception of the last clause, relates to the privileges of persons accused of crime. . . . . There can be little doubt that the right to due process of law would include the common-law right to be confronted by his witnesses. *To prevent misunderstanding, however, the framers of the constitution added:* ' The legislature shall have power to provide for the taking,' etc." It is sufficient to say, however, that the question before us here was not an issue in that case. We think that the legislature, in the provisions adverted to above, has strictly followed the letter and the spirit of the constitution. There has been no infringement upon the constitutional rights of the petitioner, or any other person charged with felony. It may be said in conclusion that the legislature has the right, at any time, directly or indirectly, to provide that no person convicted of felony shall testify in any action, civil or criminal.

The petition for a writ of mandate is denied.

SHARPSTEIN, J., McFARLAND, J., and Fox, J., concurred.

WORKS, J., dissented.

BEATTY, C. J., concurring.—I concur in the judgment. The statute certainly does not give the defendant in a criminal action an absolute right to an order for the attendance as witness of a convict imprisoned in the state prison. It gives a guarded and limited right to the prosecution (subject to the discretion of the court) to

have such an order, but it does not in terms give such a right to the defendant, either absolutely or upon conditions.

The general provision of section 1567 of the Penal Code, authorizing an order for the production of a prisoner " when it is necessary," is not confined to cases in which the prisoner may be needed as a witness. It applies equally where he is needed for any other purpose, as, for instance, where it is desired to try him upon some charge other than that upon which he has been imprisoned, and the whole object of the section is to prescribe the manner of procuring his presence when needed. We must look to other portions of the statute to discover the cases in which his presence is necessary.

No section of the statute has been cited, and I know of none, which makes his presence necessary as a witness, or provides for an order for his production, except section 1333, Penal Code, by which the privilege of securing his attendance is confined to the prosecution exclusively, subject to the discretion of the court to deny the order.

And there is good reason for making this discrimination in behalf of the state. The defendant may in all cases have the benefit of the prisoner's deposition. In cases of homicide the state cannot have it. (Const., art. I., sec. 13.) And besides, the district attorney, acting as he does in the interest of the public and under the obligations of his oath of office, will not abuse the privilege; but there is not only no security that defendants in criminal cases would not abuse it; it is highly probable they would, and the worse the criminal the more probable the abuse.

It being clear to my mind that the right contended for by the petitioner is not secured to him by statute, the only remaining question is whether it is secured by the constitution.

By section 18, article 1, it is provided that in criminal prosecutions the party accused shall have the right to

compulsory process to compel the attendance of witnesses in his behalf, and I am willing to concede that the provision is self-executing. But what does it mean?

Substantially the same provision is found in the sixth amendment to the constitution of the United States, and in the organic law of several of our sister states. We have not been cited by counsel to these provisions or the construction they have received, and without the time to investigate the question more thoroughly I do not care to express an opinion as to the exact limits of the right conferred by this clause of the constitution. I feel very sure, however, that it does *not* mean, and that it never was intended, that on the mere demand of a defendant in a criminal action, any convict or any number of convicts must be transported from the state prison to the place of trial as an essential prerequisite to proceeding with the trial. It is not possible that the court or judge to whom application is made has no discretion to examine the sufficiency of the grounds upon which it is based, and to deny it if, in his opinion, it ought to be denied.

If this is so, *mandamus* will not lie to compel the making of the order. We may by *mandamus* compel the superior court to act,—we cannot prescribe what action it shall take. It has jurisdiction to decide upon the application, and if it decides erroneously, the only remedy is by appeal from the judgment on bill of exceptions.

THORNTON, J., dissenting.—I dissent. A defendant proceeded against for a felony has a right, under section 13, article 1, of the constitution of this state, "to have the process of the court to compel the attendance of witnesses on his behalf." He has the same right to this process as he has "to appear and defend in person and with counsel." Both are secured by the above section of the constitution. This process cannot be denied to him by any power of the state, whether by legislative, executive, or judicial. The constitution (section above noted) assures this right to a defendant accused

of felony.   It needs no statute to confer it.   The constitution confers it, and it cannot be taken away by statute.

Nor has the legislature attempted to deprive such defendant of this right.   Section 1333 of the Penal Code by its very terms refers only to a witness for the people, not to a witness for the defendant.   Section 1346 grants the right to the defendant to have the deposition of his witness taken, when the witness is confined in the state prison or in the county jail of a county other than that in which the defendant is to be tried, in the manner provided for in the case of a witness who is sick, but he is not bound to have the testimony of the witness so taken.   He can waive his constitutional right and have the deposition taken, should he so elect.   But it is entirely at his option to have the witness compelled to attend, or to have his testimony taken by deposition.   The defendant may waive his right and resort to the privilege conferred on him by this section.   Further privileges are granted a defendant by sections 1336 and 1337 of the Penal Code.   Doubtless the accused would elect to have the deposition taken, if the witness was unable from illness to attend, rather than lose his testimony.

The legislature cannot, without a violation of section 13 of article 1 of the constitution, restrict one on trial in a criminal action to having the testimony procured by deposition.

The guaranty of the constitution above pointed out is for the benefit of the defendant in criminal actions.   No such guaranty is given to the people; therefore section 1333 of the Penal Code was passed to enable the people to procure the attendance of an imprisoned witness.   Without this statute it may be that the people would have no such right.   Section 1346 gives the defendant an additional right, as does the last clause of section 13 of article 1 of the constitution.   Both confer the privilege on defendant to take depositions in the categories expressed in them.   But neither are limitations on the

constitutional guaranty. There is no rule of construction which countenances any such interpretation. They are in perfect harmony. One secures a right, the other grants a privilege. The defendant may waive his right and avail himself of the privilege, or may decline the privilege and cling to his right. When provisions of a constitution or statute are reconcilable, so that both can stand and have their full operation, the one cannot be regarded as a restriction of the other. Limitation is then out of the question. It is illogical to hold it a limitation.

It is said that the legislature has the right at any time, directly or indirectly, to provide that no person convicted of a felony shall testify in any action, civil or criminal. Granting that it can, it has not done so; and until it does so, courts must administer the law as written. Convicted felons are now competent witnesses. (Code Civ. Proc., secs. 1878, 1879, 1880, 1881.) But as at present advised, we are not prepared to hold that the legislature can, while the section of the constitution above referred to is in force, enact that a witness, material for the defense of a person accused and on trial for a felony, shall be declared incompetent to testify for the defense. Certain we are that no such legislation will ever be attempted while the above-cited provisions of the constitution remain unchanged. It would be cruel to withhold such testimony from a person tried for an offense which may result in his deprivation of liberty.

The guaranty that a defendant shall "have the process of the court to compel the attendance of witnesses in his behalf," as the guaranties of a speedy and public trial, and to appear and defend in person and with counsel, is assured in the same section of the constitution. Other guaranties are also expressed in the same section. The legislature cannot deprive defendant of any of these rights. To its praise it is said they have no where attempted it.

The guaranties in section 13 of article 1 of the consti-
tution came down to us for the most part from our Eng-
lish ancestors.   They are of the great muniments of
personal liberty.   Some of them are included in the
provisions of section 29 of the act of Parliament, known
as Magna Charta.   (See Co. Inst., 2d pt., p. 45, and notes
following.)   They are of too much value to be impaired
by legislation, or frittered away by construction or inter-
pretation.   They should stand and be accorded in their
entirety, unabridged and undiminished.

The right of a defendant to have process to compel the
attendance of his witnesses in court was substantially
decided in *People* v. *Dodge*, 28 Cal. 448.   It arose on an
application for a continuance.   The court held that the
right of defendant to have the deposition of a witness
taken under the statute as it then existed (see Wood's
Dig., secs. 562–582) was an enlargement of his rights,
and was not designed to impair the rule or abridge his
(defendant's) right to have the personal attendance of
his witnesses at the trial.   The court, per Sanderson, J.
(all concurring), said on this point: " A defendant in a
criminal action is undoubtedly entitled to the personal
attendance of his witnesses at the trial, if the same can
be obtained without unreasonable delay.   Such is the
policy of the law, not merely from considerations affect-
ing the defendant only, but also from considerations
affecting the ends of public justice, irrespective of indi-
vidual interests, which is manifest from the fact that the
depositions of such witnesses are allowed to be read in
evidence only upon further evidence at the trial that their
personal attendance cannot be obtained.   (Sec. 582.)
It is to the interest of the people, as well as the defend-
ant, that the witnesses of the latter should be made to
give their testimony in the presence of the jury, for we
all know, by daily experience, how much weight is added
to or taken from testimony by the personal appearance,
bearing, and manner of the witness while under examina-

tion; if these add to the weight of his testimony, the defendant ought not to be deprived of such effect, except upon the grounds of necessity; and if they detract therefrom, such effect should be secured to the people in order that the ends of public justice may be subserved. Thus this rule requiring the personal attendance of witnesses, if the same can be had, is founded upon considerations of the wisest policy; and the provisions of the statute whereby the defendant is enabled to examine conditionally on commission a witness who is about to leave the state, or is sick or infirm, as to afford reasonable grounds for apprehending that he will be unable to attend the trial, were not designed to impair the rule or abridge the previous rights of the defendant, but, on the contrary, to enlarge those rights by enabling him to secure testimony of which he would otherwise be deprived, and at the same time preserve the rule in full force, so far as the same could be done in view of the right conferred by the statute." (28 Cal. 448, 449. See *People* v. *Francis,* 38 Cal. 183; *People* v. *Mitchell,* 64 Cal. 85.)

A defendant has the constitutional right to have the witnesses against him examined in open court and in his presence. By the guaranty of due *process of law* he has a right to be confronted with the witnesses for the prosecution. The correlative right is given him to have the witnesses in his behalf testify in open court.

The decision in *People* v. *Dodge* is of greater weight here in favor of the contention of the appellant, for the reason that it was pronounced under the constitution of 1849, in which the guaranty to a defendant, that he should have the process of the court to compel the attendance of witnesses in his behalf, was not contained as in the constitution of 1879. The right was then placed in the policy of the law, as shown by the sections of the statute referred to in the opinion. It was not in the constitution of 1849, unless included within "*due process of law,*" which was in that constitution. But was it so

included? (See definition of due process of law in *Pennoyer* v. *Neff*, 95 U. S. 733.) The opinion in Dodge's case makes no reference to any constitutional provision, which would seem to indicate that it was not regarded by the members of the court as given in the organic law.

Suppose that this guaranty to a defendant, invoked here, has not been formally enacted into a statute. But it is clear that it is given by the constitution. And why is it not self-enacting?

If the right is given by the constitution, courts are provided with ample power to execute and enforce it. (Code Civ. Proc., sec. 187, subd. 8.)

But the legislature has provided for the case before us in section 1567 of the Penal Code, which is in these words: "When it is necessary to have a person imprisoned in the state prison brought before any court, or a person imprisoned in a county jail brought before a court sitting in another county, an order for that purpose may be made by the court and executed by the sheriff of the county where it is made."

The expression' "may be made" leaves nothing to the discretion of the court. The word "may" must be held to mean "*must*" when the rights of the public or of third persons are concerned. Such is the settled law. (See Abbott's Dig., word May.) Here the right of the public and of a third person, the applicant for the writ, are both concerned. The public is concerned in assuring to the accused a fair trial, and the accused is concerned in having her witness testify *viva voce* in open court. (See *People* v. *Dodge, supra.*) Under section 1567 the lower court is bound to make the order. It has no discretion or option to refuse it. (28 Cal., *supra.*) "When it is necessary," is shown by the affidavit of defendant. The court cannot disregard it.

*People* v. *Hurtado*, 63 Cal. 294, is in the same line, where this court said, as is said in that case, that the

provision in regard to depositions is for the protection of defendants; it certainly cannot mean that it is intended to take away a right assumed by the first part of section 13 of article 1 of the constitution. To so construe it would take away a protection from defendants. It would deprive them of a substantial right guaranteed by the first portion of the section. Far from being a protection, it would be a disprotection of defendants. It would be taking away the more important means of protection.

That the order made under section 1567 *is process* is clear from section 7 of subdivision 15 of the Penal Code. If the word *"writ"* infers an order in writing, then such order is a writ or process under the subdivision of the section referred to. The court must make the order and issue the necessary writ or process to execute and carry out the order, which it has power to do under section 128, subdivision 8, and section 187, of the Code of Civil Procedure. The constitution and statutes furnish all the required machinery to assure this right to defendants and the enforcement of it.

One further proposition should be stated. It was said on the argument that the state alone has the right to bring a witness from the state prison. This was said with reference to section 1333, *supra.* The reason why this right was not further assured to a defendant by statutory enactment has been stated above. What a strange construction that a great state prosecuting one of its citizens, one of its children, should retain a right which it would not grant to the humblest of its citizens when prosecuted for a public offense. Surely the state can have no feeling of revenge against one of its citizens, even though it is an erring one. Its prosecution of guilty persons should not be marked by any manifestation of vindictiveness. Such conduct on the part of the state in holding for itself a right which it would not allow to one of its citizens would savor more of the

cruelty of a step-mother than of the justice due from a protecting father. The state owes equal and exact justice to those under its authority in all proceedings against them. It can have no higher justifiable right as to witnesses than the defendant. Nor should nor does it ask any higher right in this regard.. If anything, it should be content with an inferior right. It holds the lists and appoints the president thereof, in which the contest between the people and the defendant on trial is waged. And the defendant might truly say that equal justice has not been done, when the state can compel the attendance of a witness to prove his guilt, and the defendant cannot compel the attendance of a witness in like circumstances to establish his innocence. Justice, as Lord Coke says, should be free, full, and speedy: *free*, because nothing is more unjust than justice which has to be bought; *full*, because justice ought not to halt or be maimed; and *speedy*, because delay is to some extent a denial of justice. (See Co. Inst., pt. 2, p. 55.)

It should be recollected that this witness brought from the state prison might clearly show the defendant's freedom from guilt. The difference between the living speaking witness before a jury, and the inanimate lines of a deposition, is recognized by all familiar with courts of justice. As is well said in an old act of Parliament of 9 Edward II., styled Articuli Cleri, in referring to a trial by jury: "We hold, and shall be able to approve it to be a farre better course for matter of fact upon the testimonie of witnesses, sworn *viva voce*, then upon the conscience of any one particular man, being guided by paper proofes." (See Co. Inst., pt. 2, p. 611.)

Especially would this be the case with a convict in prison brought from a state prison. He comes with the stain of conviction on his credit. But his appearance and manner, under the ordeal in open court of examination and cross-examination, might assuredly show to

court and jury that he is a perfectly reliable witness, and establish beyond question the innocence of the person on trial. Should a defendant then be deprived of this right? I say *no.* Emphatically *no!*

It is hardly necessary to reply to the argument that the petitioner here has a remedy at law, by appeal from a judgment of conviction on a bill of exceptions, setting forth the application for process, the refusal of it, and an exception. Such remedy is neither speedy nor adequate. We have a right to assume on this application that the testimony of the witness whose attendance is sought to be had will acquit the petitioner. Courts have no authority to require a defendant to submit to a conviction in order to procure her rights. This weight should not be laid on the defendant by a court. It would be the height of injustice to permit it. The court should be eager to relieve defendant of the burden. Long ago (in 1857) it was held in this court that the remedy at law must be speedy and adequate. (*Merced M. Co.* v. *Fremont,* 7 Cal. 132, 133. So, also, in *Fremont* v. *Crippen,* 10 Cal. 211; 70 Am. Dec. 711; *Clark* v. *Crane,* 57 Cal. 629.) In *Merced M. Co.* v. *Fremont, supra,* it was said: "The remedy by appeal is too slow and is not adequate." And the writ was allowed. The same may be said here. The case cited from 7 California is undoubtedly law, and has been frequently followed by this court, and will be followed always when the case calls for it..

I am of opinion that the judge was bound to make the order asked for to procure the attendance of the witness, and that the writ here sought should issue.