THE PEOPLE *v.* GALLART.

APPEAL from the District Court of Guayama.

No. 31.—Decided November 7, 1906.

APPEAL—TRIAL—POSTPONEMENT THEREOF.—The granting of motions for the postponement of trials is largely discretionary with the trial court, and its decision thereon will not be modified by the appellate court unless there has been a manifest abuse of that discretion.

ID.—ABSENCE OF PRINCIPAL WITNESS.—Where a motion is made for the postponement of a trial on the ground of the absence of one of the principal witnesses in the case, it must be shown by the affidavit that his testimony is not cumulative and that the facts, in regard to which he is expected to testify, cannot be proved by any other witness within the reach of the process of the court, and that due diligence has been exercised to obtain his presence or his testimony, setting forth the facts which such witness may testify to in order that the court may judge of their materiality.

ID.—It is the policy of the law in criminal actions to allow the defendant to have his witnesses personally present if they can be obtained without unreasonable delay, and a motion for the postponement of the trial by reason of the absence of a witness where it appears that the testimony of such witness is material and that due diligence has been exercised to obtain it, but without success, should be granted particularly if the application is the first that has been presented by the defendant in the case.

ID.—A further requisite is that it should appear from the motion for postponement that the attendance of the absent witness could be procured within a reasonable time in case a postponement is secured, and where it does not so appear the motion would be properly overruled.

JURY—CHALLENGE FOR CAUSE—IMPLIED BIAS.—The action of the court in sustaining or denying challenges for cause is in a great measure discretionary with the court, and it is not error for the judge to sustain the challenge of a juror for cause, such cause being implied bias because the juror was bail for the accused, and because it may be fairly presumed from the relation between the accused and the juror that bias existed in his mind favorable to the accused such as to render it impossible for him to render an impartial verdict.

ID.—ACTUAL BIAS.—It is not error for a court to sustain the challenge of a juror for actual bias, based on the fact that he had already formed an opinion in regard to the case, and that that opinion was of such a nature as to prevent him from finding a verdict in accordance with the evidence introduced.

ID.—The fact that a challenge for cause is made after the peremptory challenges are exhausted, it is not error for the court to sustain the same where it is shown that the bias of the juror was only discovered at that moment.

ID.—RULING OF THE TRIAL COURT.—The ruling of a trial court in regard to the challenge of a juror on the ground of actual bias will be presumed to be legal in the absence of proof to the contrary, and the ruling of the court in this respect being discretionary it will not be reversed in the absence of a showing that there has been an abuse of such discretion.

EVIDENCE—AUTHENTICITY OF OFFICIAL DOCUMENTS.—Certified copies of original certificates issued by the Treasurer of Porto Rico are official documents, and the authenticity thereof must be shown by the signature and seal of the Treasurer of Porto Rico.

ID.—NEW TRIAL—APPEAL.—A document issued by the Treasurer of Porto Rico, whether an original or a certified copy, not bearing the seal of the Treasurer is not a duly authenticated document and is not admissible in evidence. The admission of such a document in evidence is error and will justify the reversal of the judgment on appeal, and the granting of a new trial.

The facts are stated in the opinion.

*Mr. José de Guzmán Benítez* for appellant.

*Mr. Rossy, fiscal,* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is an appeal interposed by the defendant against a judgment rendered by the District Court of Guayama, wherein he was convicted of a crime against the revenue of Porto Rico. The accusation was properly formulated and sworn to by the *fiscal* of the district, acting under the authority of the Attorney General of Porto Rico, and therein the defendant was accused of the commission of the aforesaid crime by embezzling public money received by him, during the months of July, August and September, 1904, he being at that time treasurer of the school board of Guayama, appointed in accordance with law, and it being his duty as such to receive, transfer, and disburse the public funds which he had in his possession by virtue of his office, and that on or about the 23d of October, 1904, he illegally and fraudulently appropriated to his own use the sum of one hundred and eighty-three dollars and thirty-three cents ($183.33) belonging to the funds which he as such treasurer had in his possession.

After the said information was filed, a trial was had before a jury, which after hearing the evidence adduced, and the arguments of counsel, and the instructions of the court, declared the accused guilty of the said crime, and the court condemned him in due time, on the 28th of April, 1906, to the punishment of one year in the penitentiary at hard labor, with deprivation of the right to exercise any public office, and to payment of the costs.

There is a bill of exceptions properly presented, approved and filed, in the record which shows four points made by the accused on which he claims to reverse the judgment. They are as follows:

"1. Because the court did not grant the motion for postponement based on the fact that the witness Wildman, Chief of Division of Dis-

bursements of the Department of Education, was absent in the United States and could not be duly summoned.

"2 Because of the Prosecuting Attorney having challenged the juror Valeriano Colón, who was one of the bondsmen for the accused.

"3. Because of the *fiscal* having challenged for cause the juror Miguel Truyol, who stated his incapacity to serve as a juror on account of having formed an opinion in advance in regard to the case, after the peremptory challenges had begun.

"4. Because the court admitted in evidence a document signed and certified by the Treasurer of Porto Rico, which was not authenticated by the seal of that officer." .

The first point complained of, being the overruling of the motion for postponement for the absence of the witness John Wildman, is. not well taken. The application for postponement was twice presented. The first time it was refused because the defendant had not complied with section 138 of the Law of Evidence, which authorizes the taking of depositions presented and refused under authority of article 183. of the Porto Rican Code of Criminal Procedure, which is an exact copy of article 1052 of the Penal Code of California, the court holding that it was necessary in order to postpone a trial for the absence of a witness, that the defendant should show that the testimony of the witness is not cumulative, and that the facts which he intended to prove by the witness could not be proved by any other witness, nor by any other means, and that the testimony of the witness is essential and material; that the application should set forth the facts which the witness is expected to testify to, briefly in the body thereof, or in affidavit attached, and that the defendant not having complied with these requirements, his motion for postponement should be overruled.

On a comparison of our statute with that of California as above stated, we will find that this matter has been heretofore considered by the Supreme Court of California in numerous cases, and that court says that applications for the postponement of a trial are addressed largely to the discretion of the

trial court, and that its decision upon such a motion will not be disturbed on appeal, unless there has been a gross abuse of such discretion. '(*People* v. *Gaunt,* 23 Cal., 157; *People* v. *Williams,* 24 Cal., 31; *People* v. *Jocelyn,* 29 Cal., 562.)

It has further been decided by the aforesaid high court that when a motion for postponement is made on the ground of the absence of a material witness, it should appear by affidavit that the testimony of such a witness is not cumulative and that the facts sought to be proved by him cannot be proved by any other witness within the reach of the process of the court, and that due diligence has been used to obtain his presence or his testimony setting forth the nature of the due diligence that has been used, whether by exhausting the process of the court, or otherwise, and the facts which such witness may testify to should also be set up to enable the court to judge of their materiality. (*People* v. *Jenkins,* 56 Cal., 4; *People* v. *Ah Fat,* 48 Cal., 67; *People* v. *Ashnauel,* 47 Cal., 98; *People* v. *Nellon,* 40 Cal., 648; *People* v. *Francis,* 38 Cal., 183; *People* v. *Jocelyn,* 29 Cal., 562; *People* v. *Williams,* 24 Cal., 31; *People* v. *Gaunt,* 23 Cal., 156; *People* v. *Quincy,* 8 Cal., 89; *People* v. *Diaz,* 6 Cal., 248; *People* v. *Thompson,* 4 Cal., 241; *People* v. *Baker,* 1 Cal., 404.)

However, it is the policy of the law in criminal actions to allow the defendant to have his witnesses personally present at the trial, if they can be obtained without unreasonable delay, and a motion on his part for the postponement of the trial on account of the absence of a witness, where it appears that the testimony of such witness is material, and that due diligence has been used to obtain it, but without success, should be granted, particularly if the application is the first that has been presented by the defendant in the case. (*People* v. *McCrory,* 41 Cal., 458; *People* v. *Dodge,* 28 Cal., 445.)

It should further appear from the application for a postponement that the attendance of the alleged absent witness could be procured in a reasonable time, in case a postponement is secured, and if it does not so appear such application

would be properly refused. (*People v. Wade,* 118 Cal., 672; *People v. Lewis,* 64 Cal., 401; *People v. Ah Yute,* 53 Cal., 613; *People v. Cleveland,* 49 Cal., 580.)

The reasons given by the trial court for overruling the motion for a postponement are supported by the California decisions and are well founded in law and logic, and such action should be approved.

The second point made by the appellant on which he bases his claims for reversal of the judgment is the ruling of the court sustaining the challenge of the juror Valeriano Colón for cause, the said cause being actual bias as defined in the statute, because as was alleged, the juror was bail for the accused. In regard to this matter reference may be made to the Code of Criminal Procedure of Porto Rico, section 226, which is identical with section 1073 of the Penal Code of California. It is impossible that the statute should enumerate every state of facts which would show actual or implied bias in the mind of a juror and the motion in each individual case must be addressed largely to the discretion of the court. In this case we think that discretion was wisely exercised. It may be fairly presumed from the relation between the accused and the juror, the latter being bail for the former, that a bias existed in his mind favorable to the accused, such as to render it impossible for him to deliver an impartial verdict. No abuse of judicial discretion in making this ruling having been shown this court cannot disturb the action of the court below. Besides the ruling of the court on this point appears to be entirely correct. The third ground on which this appeal is based was because the district attorney had challenged for cause the juror Miguel Truyol, the said juror having stated at that moment that he could not serve as such because he had formed an opinion in respect to the case, and that his opinion was of such a nature that he would not be able to render a verdict based on the proof offered. The accused opposed the challenge on the ground that it was not presented at the proper time, but after the peremptory challenges had been submitted. The trial

court allowed the challenge to be made and sustained it on the grounds presented. It appears, in the bill of exceptions, that the bias of the juror had been only at that moment shown to the court and that the challenge was interposed as soon as the bias was discovered. Certainly this appears to have been within the proper time, since the challenge could not have been made sooner and the ruling of the court in regard to the matter was entirely correct. It is decided by the Supreme Court of California, under section 1073 of the Penal Code, which is identical with section 226 of our Code of Criminal Procedure, that whether or not the state of mind of a juror is such as to constitute actual bias within the meaning of the statute defining that term is a question of fact to be determined by the trial court and in the determination of which the court must find whether or not any opinion which the juror may have formed was founded upon public rumor, statements in public journals or common notoriety, and that the trial court's decision upon these points, when the evidence disclosed upon the examination of the juror is susceptible of different constructions, will not be reversed upon appeal. (*People* v. *Weels,* 100 Cal., 227.)

The presumption which this court must entertain in cases of this kind is, as in other cases, in favor of the legality of the action of the court, if no reason is shown to the contrary, and where the matter is one of discretion on the part of the trial court, an abuse of that discretion must be shown before a reversal of the ruling can be made.

The fourth and last ground, on which the appellant claims a reversal of the judgment, is the admission in evidence against him of a document signed and certified by the Treasurer of Porto Rico, and which did not bear the seal of that officer impressed thereon. The bill of exceptions states that the *fiscal* presented as proof a document emanating from the Treasurer of Porto Rico, in which are specified the sums which the said Treasurer delivered to the defendant from the month of April to the 15th of December, 1904. The said docu-

ment is signed and certified by the Treasurer of Porto Rico; but the seal of this officer appears to be lacking.

Section 94 of the Political Code of Porto Rico requires the Treasurer to use a seal for the authentication of documents signed and certified by him. It also describes the seal as the one in use at the time the law was passed, and specifies how it may be changed, etc. Reference is further made in the law to section 184 of the same Code, which imposes the same duties on the heads of each of the executive departments, except the Secretary. These statutes seem to have escaped the vigilance of the court below. Section 36, paragraph 5, of the Law of Evidence prescribes that courts shall take judicial notice, among other things, of the official signatures and seals of office of the principal officers of the Government, in the legislative, judicial and executive departments of Porto Rico. Section 79 of the same law defines a public seal in Porto Rico to be a stamp or impression made by a public officer with an instrument provided by law to attest the execution of an official or public document, upon paper or any substance attached to the paper which is capable of receiving a visible impression.

This court judicially knows that the Treasurer of Porto Rico has such a seal and uses the same in accordance with law for the authentication of documents issued by him.

Section 49 of the Law of Evidence divides public documents into four classes: First, laws; second, judicial records; third, other official documents; fourth, public records kept in Porto Rico of public or private documents.

The document in question falls under the third class, and it is provided in section 69 of the said Law of Evidence that such documents may be proved as follows; setting out in nine paragraphs the manner of proving different documents. In the sixth paragraph thereof the law says that documents of any other class in Porto Rico may be proved by the original or a copy certified by the legal keeper thereof.

If this was an original document under the law as heretofore quoted, it should have been signed, certified and attested

by the seal of the Treasurer. If it was a copy, which it does not seem to have been, the same requisite was necessary, so in any event the seal of the Treasurer should appear affixed to the document in order to authenticate it, and before it could be introduced in evidence.

The defendant in this case, like all other accused persons in every case, is entitled to have all the forms of law complied with, and although the court may be perfectly satisfied that the signature of the Treasurer affixed to the document is genuine, and that the paper presented was really signed by him, still, inasmuch as the law requires that it should be attested by the seal of the Treasurer, that formality must be complied with before the proof can be received against a defendant in a criminal case. Such provisions of the law are safeguards thrown around the liberty of the citizen, and cannot be brushed aside by courts of justice. Inasmuch as this provision of the law has been disregarded or overlooked, this judgment should be reversed and the cause remanded to the District Court of Guayama for a new trial, to be conducted in accordance with the interpretation of the statutes contained herein.

*Accordingly decided.*

Chief Justice Quinoñes and Justices Hernández and Figueras concurred.

Mr. Justice Wolf concurred in the result.