† STATE *versus* ROBINSON.

Chapter 211, of the Acts of 1851, forbids the sale of spirituous and intoxicating liquors in any quantity, whether imported or domestic, without license.

In an indictment under that Act against a common seller, if it contain averments, that the liquors were sold "by retail and in less quantities than the Revenue Laws of the United States prescribe for the importation thereof into this country," they need not be proved. Such averments may be regarded as surplusage.

Without proof direct or tending to establish that the sales were by the importer, or of imported liquors in the original packages, the Judge may withhold instructions as to the law in that contingency.

Under the Act of 1853, c. 48, § 6, it is unnecessary to set forth in the indictment the record in full of a previous conviction for a similar offence. It may be briefly stated, and the identity of the respondent with the one formerly convicted is a matter for the jury.

ON EXCEPTIONS from *Nisi Prius*, HOWARD, J., presiding.

INDICTMENT, against the defendant for being a *common seller* of spirituous and intoxicating liquors, between the first

day of April and the last Tuesday of November, 1854, without an appointment.

The first count alleged the offence to be by retail, and in less quantities than the Revenue Laws of the United States prescribed for the importation thereof into this country.

The second count alleged, that he was a common seller of wine, brandy, &c. within the time fixed in the indictment.

And it was further alleged, that defendant at the November term, 1852, " was duly and legally convicted as a common seller of spirituous and intoxicating liquors in the county aforesaid, against the peace of the State and contrary to the form of the statute in such case made and provided."

Evidence was introduced of more than three sales of spirituous liquor, by defendant, within the time in the indictment, but the quantity was not stated, nor whether the liquors were imported or domestic.

The counsel for defendant requested the instruction, that, to convict him on the first count, the jury must be satisfied from the evidence, that he sold spirituous or intoxicating liquors, in at least three instances, in less quantities than the Revenue Laws of the United States prescribe for the importation thereof into this country, which request was refused.

The instructions were, that the prohibition of the statute was general, extending to all spirituous and intoxicating liquors, whether imported under the laws of the United States or not, and without regard to quantity; and that the allegation " by retail in less quantities than the Revenue Laws prescribe for the importation thereof into this country," was unnecessary and immaterial, and might be rejected as surplusage; that, if the evidence satisfied the jury that defendant had sold spirituous and intoxicating liquors in at least three instances within the period laid in the indictment, though such sales were of imported liquors, and in quantities not less than the Revenue Laws of the U. S. prescribe for the importation thereof into this country, still

they were authorized to find the defendant guilty upon both counts in the indictment, unless it appeared that he was duly and legally appointed, &c.

The county attorney then offered a record of the S. J. Court, of the same county, for Nov. Term, 1852, setting forth an indictment against a person bearing the same name of the defendant, for a violation of the same act alleged in the present indictment and for a similar offence; and for plea in that case, the record set forth, that he *would not contend,* and that he was sentenced and complied therewith.

This evidence was objected to —

1st. Because the sentence was upon the plea of *nolo contendere,* and not on a conviction within the meaning of the statute.

2d. Because the defendant did not appear to have been adjudged guilty of the offence charged, or of any other offence.

3d. Because it contained no words by which it could be identified as the record of conviction set forth in the indictment.

The jury returned a verdict of guilty.

*Clifford,* in support of the exceptions, cited 3 Greenl Ev. § 10; *State* v. *Noble,* 15 Maine, 476; *State* v. *Smith,* 32 Maine, 369; *U. S.* v. *Howard,* 3 Sum. 15; *Rex* v. *Edwards & al.,* Russ. & Ry. C. C. 497; Roscoe's Crim. Ev., (averments,) 101; *Ricket* v. *Solway,* 2 Barn. & Ald. 360; *Wilde* v. *Com.* 2 Met. 408; *and same,* 413; *Com.* v. *Briggs & al.* 5 Pick. 429; *Lee's case,* 1 Leach, C. C. 464.

*Abbott, Atty. Gen., contra.*

APPLETON, J. — The statute of this State, for the violation of which this indictment was found, prohibits, in the most explicit terms, all sales of spirituous and intoxicating liquors, and would be equally violated whether the liquors sold were imported or domestic — were sold in smaller or in larger quantities.

An indictment in the State Courts, regards only the law

of the State against which the offence is committed. It is not necessary to negative possible and contingent defences which may arise under the statutes of the United States, or under its treaties with other governments. The party justifying under such acts or treaties, must bring forward in his defence the facts necessary to make out his justification. *State* v. *Gurney,* 37 Maine, 149.

The first count in the indictment alleges the defendant to be a common seller of spirituous and intoxicating liquors, "in less quantities than the revenue laws of the United States prescribed for the importation thereof into this country." It is insisted that this averment must be proved precisely as alleged.

The true rule on this subject is this; — if an averment may be entirely omitted without affecting the charge against the prisoner, and without detriment to the indictment, it will be regarded as surplusage. Roscoe's Cr. Ev. 84. The averment referred to might be entirely stricken out, without in any way affecting the indictment.

The sales proved, were either in less quantities than the revenue laws of the United States prescribe for the importation of spirituous liquors, or they were not. If in less quantities, then the indictment was proved in its precise terms. If the sales proved were of amounts larger than the least amounts which may be imported, under the revenue laws of the United States, still the indictment must be regarded as proved. In *State* v. *Moore,* 14 N. H. 455, the indictment charged the sale of a pint of rum. The witness called by the government proved a sale of one quart, and did not remember he ever bought a pint of rum. "The rule," remarks Mr. Justice GILCHRIST, "is that it is not necessary to prove the whole of the property stated, if by the rejection of the part not proved, the offence would be complete." 1 Ch. Cr. Law, 236. If the indictment charge the stealing of nine books of the value of £9, and one book is proved to have been stolen, it would have been well enough. Ld. ELLENBOROUGH, in *King* v. *Johnson,* 3

M. & S. 548. If a man be charged with stealing ten sovereigns, he may be convicted of stealing five. Stark. Ev. 1529. If a man be charged with engrossing eight hundred quarters, he may be convicted of having engrossed seven hundred and fifty quarters. Ib. 1539. If a man be indicted for extorting twenty shillings, it will be sufficient to prove that the defendant extorted one shilling. HOLT, C. J., in *Rex* v. *Burdett*, 1 Lord Ray. 149. These are familiar principles and applicable here. Evidence of the sale of a quart of rum, *a fortiori*, proves that the defendant sold a pint, and whether he sold the one quantity or the other, the offence is complete. In either case the nature of the act and the quantum of punishment would be the same.

There is no evidence reported proving or tending to prove, that the defendant was the original importer of the liquors sold, and that the sales were of imported liquors in their original packages, so as to bring the case within the principle decided in *Brown* v. *Mayland*, 12 Wheat. 419. If there was no such proof, the Court was not bound to give instructions as to what would have been the law upon an hypothetical case. If the defendant intended to justify under Acts of Congress, he should have presented, by proof, a case within the provisions, and then have requested such instructions as would present such questions for our consideration as he might have desired to raise. This he has failed to do, and he therefore has no just ground of complaint.

The indictment alleges, that the defendant, at the term of this Court, "begun and holden at Portland, within and for the county of Cumberland, on the last Tuesday of Nov. 1852, was duly and legally convicted as a common seller of spirituous and intoxicating liquors, at Portland aforesaid," &c. By the Act of March 31, 1853, c. 48, § 6, it is enacted, that "in any suit, complaint, indictment or other proceeding against any person for the violation of any of the provisions of this Act, or that to which this is additional, other than for the first offence, it shall *not be requisite to set forth*

*particularly the record of a former conviction,* but it shall be sufficient to allege briefly that such person has been convicted of a violation of any provision of this or the said Act, or as a common seller, as the case may be, and such allegation, in any civil or criminal process legally amendable in any stage of the proceedings before final judgment, may be amended without terms and as a matter of right." The previous conviction is set forth with as much clearness and precision as the statute requires.

It is objected that the record of the former conviction, which was offered in evidence, should not have been received, because it contains no words by which it could be identified with the identical record of conviction set forth in the indictment. The record produced is of a conviction of the defendant of the same offence, at the same time and place, and before the same Court as is alleged in this indictment. It is difficult to perceive what more can be required within the letter or the spirit of § 6.

No motion has been made for a new trial. It does not appear that any question was made as to the identity of the defendant with the individual of the same name, in the record produced. If there was a question of identity, it was for the jury to determine. If any question of law arose at the trial, as to the sufficiency of the proof offered to show such identity, it has not been reserved and is not to be found in the exceptions before us.

The instructions requested were properly refused, and those given are not perceived to have been in any respect erroneous. *Exceptions overruled.*