[No. 21166.   In Bank.—January 24, 1895.]

THE PEOPLE, RESPONDENT, v. FELIX WARD, APPELLANT.

CRIMINAL LAW—EVIDENCE—TRANSCRIPT OF TESTIMONY TAKEN AT PRELIMINARY EXAMINATION—AUTHENTICATION—PAROL EVIDENCE.—In a. criminal case, where the testimony of a witness taken at the preliminary examination of the defendant may be allowed in evidence under the statute, the reporter must certify to the transcript of the testimony that it is a correct statement of such testimony, and is not at liberty to. substitute or certify to a copy of the testimony taken by him, and the transcript of the testimony must be so authenticated that an inspection of it will show that it is testimony taken at the preliminary examination of the accused who is on trial, and must not depend in any respect upon the memory of the magistrate or the reporter, and no oral proof can be allowed at the trial for the purpose of showing against what defendant, or upon what charge, or at what time, the testimony was. taken.

ID.—IMPROPER CERTIFICATE.—Where the transcript of testimony taken at. a preliminary examination does not have the title of any court or cause in which the testimony was taken, and it is certified to be a true copy of the testimony instead of a correct statement of the testimony, the authentication and certificate are not sufficient to be admissible in evidence upon the trial of the accused.

ID.—STATUTORY CONSTRUCTION—TESTIMONY NOT GIVEN IN PRESENCE OF COURT—COMPLIANCE WITH STATUTE.—A statute purporting to impair the fundamental right of the defendant in a criminal prosecution to be confronted with the witnesses against him in the presence of the court is to be liberally construed in his favor, and whenever the state in its. prosecution for a crime would offer against the accused the testimony of witnesses not given in the presence of the court, it must point to a. statute which authorizes such procedure, and bring itself within its. provisions.

ID.—LARCENY OF COW—EVIDENCE.—Upon the trial of a defendant accused of the larceny of a cow it is error to refuse to allow the defendant to. answer a question which would go to the respective credibility of the

defendant and of a witness for the prosecution, whose testimony had placed the defendant in the position of having the possession of the stolen cow without accounting for such possession.

ID.—PURCHASE OF STOLEN COW—GOOD FAITH IMMATERIAL.—If the defendant had no connection with the taking of the cow, and did not know that it had been stolen until the time of his trade therefor, the question of good or bad faith in making the contract of purchase would be immaterial, and it cannot be incumbent upon him to establish his good faith in trading for the cow.

ID.—LARCENY DISTINCT FROM RECEIVING STOLEN GOODS.—The crime of larceny is distinct from that of receiving stolen goods, and proof of the latter crime is insufficient to convict one accused of the former.

ID.—MODIFICATION OF INSTRUCTION—PURCHASE OF COW—GOOD FAITH.—Upon the trial of a defendant accused of the larceny of a cow, where the defendant claimed that he took the cow in a trade with the prosecuting witness, an instruction requested by the defendant to the effect that if the defendant traded for the cow, and took and had possession of the same by reason of his purchase, although it had been stolen by the prosecuting witness, such taking would not constitute larceny by the defendant, is improperly modified by inserting the words "if in good faith," after the word "taken."

ID.—INCONSISTENT INSTRUCTIONS.—Inconsistency in instructions regarding the materiality of defendant's good or bad faith in trading for the cow after it had been stolen by another is ground of reversal.

APPEAL from a judgment of the Superior Court of Orange County.

The facts are stated in the opinion of the court.

*J. W. Ballard,* for Appellant.

The court erred in overruling defendant's objections to the deposition offered in evidence, as it was not admissible; any substantial departure from the requirements of the law authorizing such depositions to be read renders them objectionable. (*People* v. *Morine,* 54 Cal. 575; *Williams* v. *Chadbourne,* 6 Cal. 559; *People* v. *Chung Ah Chue,* 57 Cal. 567. See *People* v. *Williams,* 64 Cal. 87; *Eller* v. *Richardson,* 89 Tenn. 575. See *People* v. *Riley,* 75 Cal. 101; *People* v. *Carty,* 77 Cal. 215.) The court erred in modifying the instruction asked for by the defendant, so as to tell the jury in effect that though they should find that the defendant traded for the cow, although they believed that Bane stole her, the question of good faith had nothing to do with the case. (*McAfee*

v. *State*, 14 Tex. App. 668; 5 Lawson's Criminal Defini-
tions, 908; *Boyd* v. *State*, 24 Tex. App. 570; 5 Am. St.
Rep. 908; *Clayton* v. *State*, 15 Tex. App. 348; *Barrett* v.
*State*, 18 Tex. App. 64; *Phillips* v. *State*, 19 Tex. App. 159;
*Morrow* v. *State*, 22 Tex. App. 240; *Curlin* v. *State*, 23
Tex. App. 681.) The evidence is insufficient to justify
the verdict, as it is neither direct or positive as to the
identity of the stolen cow. (*Garcia* v. *State*, 26 Tex. 209;
82 Am. Dec. 605; *Crockett* v. *State*, 14 Tex. App. 226; 5
Lawson's Criminal Definitions, 589; *People* v. *Keane*, 43
Cal. 638.) The evidence in this case is not as strong as
that in the following cases, which was held insufficient
to justify the verdict. (*People* v. *Hurley*, 60 Cal. 74; 44
Am. Rep. 55; *People* v. *Swinford*, 57 Cal. 86; *People* v.
*Noregea*, 48 Cal. 123; *People* v. *Fagan*, 98 Cal. 230;
*Cook* v. *State*, 14 Tex. App. 96; *Crockett* v. *State*, 14
Tex. App. 226; *Green* v. *State*, 12 Tex. App. 51; *Johnson*
v. *State*, 12 Tex. App. 385; 5 Lawson's Criminal Defini-
tions, 586, 589, 597, 606; *Reveal* v. *State*, 27 Tex. App.
57; *State* v. *Ballard*, 79 N. C. 627.) The hypothesis con-
tended for by the prosecution must be established to an
absolute moral certainty, to the entire exclusion of any
rational probability of any other hypothesis being true.
(Burrill on Circumstantial Evidence, 181, 182; 1 Starkie
on Evidence, 482, 483; *People* v. *Strong*, 30 Cal. 151.)
Such a decree of proof was not made. The very most
that can be said of the effect of the evidence for the
prosecution is that it raised some suspicion against de-
fendant. But that is not sufficient to sustain the ver-
dict. (*People* v. *Fagan*, 98 Cal. 233.)

*Attorney General W. H. H. Hart*, and *Deputy Attorney
General Charles H. Jackson*, and *James G. Scarborough*,
for Respondent.

The deposition of Bane was sufficient, and was properly
read in evidence. (Pen. Code, sec. 686; see *People* v.
*Riley*, 75 Cal. 101.) The objections to the deposition
are merely technical, and technicalities should be dis-
regarded. (*People* v. *Moore*, 8 Cal. 93; *People* v. *Butler*,

8 Cal. 441; Pen. Code, secs. 1258, 1434.)    The modification by the judge of some of the instructions was not an error on his part, as the judge was not bound to give the instruction exactly as presented.    As the instructions were already substantially given, they could have been refused entirely.    (*People* v. *Dodge,* 30 Cal. 450; *Boyce* v. *California Stage Co.,* 25 Cal. 470; *Commonwealth* v. *Webster,* 5 Cush. 320; *People* v. *Ashe,* 44 Cal. 288.) It is presumed that the court did give all the instructions required by law.    (Pen. Code, sec. 1127; Code Civ. Proc., sec. 1963, subd. 15; sec. 2061.)    The charge in this case was sufficiently full and accurate to sustain the verdict.    Lengthy charges are reprobated.    (*People* v. *Kernaghan,* 72 Cal. 614.)    The evidence was overwhelming to sustain the verdict.    It was also conflicting, and under the well-known rule this court will not under such circumstances interfere.    (*People* v. *Manning,* 48 Cal. 335; *Lick* v. *Madden,* 36 Cal. 213; 95 Am. Dec. 175; *Wilson* v. *Fitch,* 41 Cal. 385.)

Harrison, J.—The appellant was convicted of having stolen a cow, and was sentenced to imprisonment in the state prison for the term of two years.

1. At the preliminary examination of the defendant before the committing magistrate one Bane was a witness, and at the trial in the superior court the prosecution, not being able to produce Bane before the jury, offered to read in evidence what was claimed to be a transcript of the testimony given by him at that examination.    This transcript was filed with the papers in the case against the defendant that had been sent up by the committing magistrate, and had the following indorsement:

" I hereby certify the foregoing to be a true copy of the testimony and the proceedings in the within-entitled action.                    Anna Grooms, Reporter."

It was shown at the trial that the magistrate had appointed Miss Grooms, a shorthand reporter, to take the testimony at the examination, and she testified that the

indorsement had been made by her, and that the document from which they proposed to read had been prepared by her in the case against the defendant before the examining magistrate. The document itself did not, however, have the title of any court or cause in which the testimony was taken, nor the time at which it was taken. The defendant objected to the reading of the proposed testimony, upon the ground that the document itself did not show when or where or before whom it had been given, or that it had been taken in any court, and that it was not properly certified. The court overruled the objection and allowed the evidence to be read, to which ruling defendant excepted.

The right of the defendant in a criminal prosecution to be confronted with the witnesses against him in the presence of the court is one of the fundamental principles of the common law, and can be taken from him only by the provisions of some express statute. As this is a right clearly connected with his personal liberty, any statute purporting to impair the right is to be liberally construed in his favor; and whenever the state in its prosecution for a crime would offer against the accused the testimony of witnesses not given in the presence of the court, it must point to a statute which authorizes such procedure, and bring itself clearly within the provisions of that statute. (*People* v. *Mitchell*, 64 Cal. 85.) This rule has been established in this state in section 686 of the Penal Code, and in the same section there is created, as an exception to the rule: "Where the charge has been preliminarily examined before a committing magistrate, and the testimony taken down by question and answer, in the presence of the defendant, who has either in person or by counsel cross-examined, or had an opportunity to cross-examine, the witness, the deposition of such witness may be read, upon its being satisfactorily shown to the court that he is dead or insane, or cannot with due diligence be found within the state." The manner of taking this testimony is prescribed in section 869 of the same code, and the two

sections are to be taken together. (*People* v. *Morine*, 54
Cal. 575.) Section 869 provides that the examining
magistrate may appoint a shorthand reporter, who may
take down the testimony in shorthand, and that "the
reporter shall within ten days after the close of the ex-
amination transcribe into longhand writing his said
shorthand notes, and certify and file the same with the
county clerk of the county, or city and county, in which
the defendant was examined, and shall in all cases file
his original notes with said clerk"; and that the tran-
script of the reporter, "when written out in longhand,
and certified as being a correct statement of such testi-
mony and proceedings in the case, shall be *prima facie*
a correct statement of such testimony and proceedings."
The requirement that the reporter shall certify to his
transcript, that it is "a correct statement of such testi-
mony," is essential to its competency as evidence against
the accused, and is not satisfied by his certificate that it
is "a true copy of the testimony." When the testimony
is taken in shorthand, and is afterwards written out in
longhand by the reporter, the statute does not require
it to be signed by the witness, but, as a substitute, re-
quires the reporter to certify that it is a correct "state-
ment" of the testimony. The testimony thus written out
by the reporter is the original testimony of the witness,
and his certificate gives it the same authentication as
does the subscription by the witness himself when the
testimony is originally taken in longhand. The reporter
is no more at liberty to substitute a "copy" of this tes-
timony for the original statement which he is required
to write out in longhand than would be the magistrate
to substitute a copy of the testimony taken by him.

The transcript of the testimony should, moreover, be
so authenticated that an inspection of it will show that
it is testimony which was taken at the preliminary ex-
amination of the accused who is then on trial, and must
not depend upon the memory of the magistrate or of
the reporter. To allow oral proof at the trial for the
purpose of showing against what defendant, or upon

what charge, or at what time the testimony was taken reduces the proceeding from a record required by the statute, to the memory of the reporter—shadowy or clear, according to the length of intervening time or the number of examinations that he may have reported. (See *People* v. *Carty,* 77 Cal. 215.) In the present case the reference in the certificate of the reporter to the "within-entitled action" has no effect in identifying the "copy of the testimony" with the examination of the defendant, since it appears by the bill of exceptions that the copy so certified does not contain the name of any court or cause.

2. The appellant claimed in his defense that on the 21st of January he had received the cow from Bane in a trade with him for a pasture bill; while Bane, in the testimony which was read to the jury, stated that he had not traded any cow to the defendant at any time in January. Upon his cross-examination Bane stated: "I cannot remember of seeing defendant Ward at any place in San Bernardino county during January. He was not at my place in San Bernardino county." The defendant testified in his own behalf that he went to Bane's ranch on Tuesday, the 23d of January, and arrived there about 4 o'clock in the evening. He was then asked: "Was Bane there at the ranch when you got there"? Upon the objection of the prosecution to this question, as irrelevant, incompetent, and immaterial, the court refused to allow the defendant to answer. This was error. The main issue before the jury was whether the defendant took the cow from the pasture himself, or whether it was taken by some one else, from whom he received it. There was no direct evidence to connect the defendant with the taking, and his statement that he took the cow in a trade with Bane would, in the absence of other evidence, have justified the jury in acquitting him. Bane's statement, however, that he had not traded with him, if believed, showed the falsity of the defendant's claim, and placed him in the position of having the possession of the stolen cow without ac-

counting for such possession. The respective credibility of Bane and the defendant became important. If Bane's statement that the defendant was not at his ranch in January was false the jury might have distrusted his other testimony. If Bane was at the ranch when the defendant got there the jury might have believed that Bane had testified falsely in stating that the defendant was not at his place in January. Hence, the defendant should have been permitted to answer the question.

The court gave to the jury the following instruction: "If you believe, gentlemen, from the evidence that the defendant traded for the said cow from one John M. Bane, and that he took and had possession of the same by reason of such purchase, although you may believe from the evidence that it had been stolen by the said Bane, you are instructed that such a taking, if in good faith, would not constitute larceny by this defendant; and in that case you will find the defendant not guilty." This instruction was in the form requested by the defendant, except that the words, "if in good faith," were inserted by the court; and the defendant claims that such modification of the instruction made it erroneous.

The effect of this modification was to tell the jury that it was incumbent upon the defendant to establish his good faith in trading with Bane for the cow, even if they should believe that he had not been connected with the original taking, and had not known of the theft until after it had been completed. If the defendant had no connection with the taking of the cow, and did not know that it had been stolen until the time of his trade with Bane, the question of good or bad faith in making this contract would be immaterial. (*Curlin* v. *State*, 23 Tex. App. 683; *Boyd* v. *State*, 24 Tex. App. 570; 5 Am. St. Rep. 908.) The crime of larceny is distinct from that of receiving stolen goods, and proof of the latter crime is insufficient to convict a person who is accused of the former. The instruction thus given is also inconsistent with the following instruction given

by the court: " Before you can convict defendant, you must believe beyond a reasonable doubt that he is guilty of, or in complicity with, the original fraudulent taking, and any subsequent connection after the taking would not be larceny in him, either in good or bad faith; and, if you believe that the defendant traded for the cow from Bane, or any other party, after the felonious taking, either in good or bad faith, he is not guilty of larceny, and you must acquit him." By this instruction the jury were told that, if the defendant had no connection with the original taking, the question of good or bad faith in receiving the cow from Bane was immaterial, whereas, in the other instruction they were told that it was essential that he should have received it in good faith.

The judgment and order are reversed.

Garoutte, J., and Van Fleet, J., concurred.

McFarland, J.—I concur in the judgment upon the last two points discussed in the opinion. As to the first point I express no opinion.