[Crim. No. 33. First Appellate District.—March 8, 1906.]

## THE PEOPLE, Respondent, v. WONG SANG LUNG, Appellant.

CRIMINAL LAW—INSTRUCTIONS—MODIFIED REQUEST—COURT'S INSTRUCTION.—Where the court modifies an instruction requested by the defendant in a criminal case, and gives it as modified, the modified instruction becomes the court's instruction, and, if erroneous, it is subject to the same exception as if given without any request therefor.

ID.—TRIAL FOR MURDER—IDENTITY OF DEFENDANT—QUESTION FOR JURY—ERRONEOUS MODIFIED REQUEST—PRESUMPTION FROM NAME.—Upon a trial for murder charged against ''Wong Sang Lung,'' where there was conflicting evidence as to the identity of defendant with the person committing the homicide, and the dying declaration of the deceased was that ''Wong Lung'' killed him, and it was shown that there were numerous Chinese of that name at the place of the homicide, the question of identity of the defendant was for the jury, and it was error to modify a requested instruction: ''Identity of person is presumed from identity of name; but where there is evidence that there are in the neighborhood several persons of the same name, this presumption does not prevail,'' etc., by striking therefrom all but the first clause, and to give the presumption alone. The court thereby invaded the province of the jury, and improperly instructed them as to ''matters of fact.''

ID.—EFFECT OF PLEA OF NOT GUILTY—IDENTITY DENIED—DEGREE OF PROOF REQUIRED—PRESUMPTIONS.—The plea of not guilty of murder denied every fact essential to the guilt of the defendant, including his identity with the person who committed the homicide, and threw upon the prosecution the necessity of proving that fact beyond a reasonable doubt; and no presumptions are to be made against the prisoner. The determination of the question of identity must be made upon all the evidence before the jury, and not upon a presumption from a portion thereof.

ID.—DISPUTABLE PRESUMPTIONS—CONTROVERTING EVIDENCE—PROVINCE OF JURY.—The disputable presumptions declared in section 1961 of the Code of Civil Procedure are not controlling, as matter of law, where controverting evidence is introduced; and the fact in question is to be determined by the jury upon a consideration of such evidence, in connection with the presumption.

ID.—APPLICABILITY OF PRESUMPTION OF IDENTITY.—The presumption of identity of person from identity of name can be invoked only where

such name is to be applied to a particular person involved. If such name be a common one in the vicinity, or if it be shown that there is more than one person to whom the name may be applied, there can be no presumption that such person is the one to whom the jury should apply it, though the identity of name was a fact proper to be considered by the jury in connection with the other evidence before them.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Wm. P. Lawler, Judge.

The facts are stated in the opinion of the court.

William S. Barnes, and H. H. McCloskey, for Appellant.

U. S. Webb, Attorney General, for Respondent.

HARRISON, P. J.—Appeal from the judgment upon a conviction of the defendant of murder in the second degree.

The main question presented to the jury for its determination was the identity of the defendant with the person who committed the homicide—two witnesses testifying that the defendant was not the person who shot the deceased, and two that he was. The dying declaration of the deceased, "I went to Spofford alley, and there Wong Lung shot me," was also given in evidence. It was shown that Wong Lung is a common name among the Chinese, and that there were many Chinese of that name in San Francisco. At the close of the trial the defendant asked the court to give the jury the following instruction: "Identity of person is presumed from identity of name (but where there is evidence that there are in the neighborhood several persons of the same name this presumption does not prevail. In this case if the evidence shows that there were several persons of the same name, to wit, Wong Lung, the identity of the defendant with the Wong Lung alleged to be referred to in the declaration of the decedent to Dong Tyng at the City and County Hospital is not presumed)." The court declined to give the instruction as asked, but modified it by striking out all included as above in parentheses, and instructed the jury: "Identity of person is presumed from identity of name."

Penal Code, section 1127, requires the judge, in charging the jury, to state to them "all matters of law necessary for their information," and by section 1093 (6) he is required, if requested by either party, to charge them "on any points pertinent to the issue." Section 1127 authorizes either party to request the court to give any written charge which it may present, and if such charge is correct and pertinent the court is required to give it. If the instruction as requested is not a correct statement of the law, either in part or as a whole, the court is not required to modify it, but may refuse it entirely. The court may, however, if it chooses, modify the instruction so requested, and give a portion and refuse a portion; but in so doing the instruction which is given must be a correct statement of the law and not misleading to the jury. The modified instruction becomes the court's instruction, and if erroneous is subject to the same exception as if given without any request therefor. (*East St. Louis Ice Co.* v. *Scully,* 63 Ill. App. 147; *Morgan* v. *Peet,* 32 Ill. 281.)

The provision of section 1102 of the Penal Code, making the rules of evidence in civil cases applicable to criminal actions, includes the provision of section 2061 (5), Code of Civil Procedure, that, in criminal cases, the preponderance of evidence is insufficient for a conviction, and that the guilt of the defendant must be established "beyond a reasonable doubt"; and as in all criminal prosecutions the people must establish all the facts which are essential to establishing the guilt of the defendant, every such fact must be established beyond a reasonable doubt. If any fact essential to his conviction is not so established, he is entitled to an acquittal. He is never to be required to introduce any evidence for the purpose of establishing his innocence. By his plea of "not guilty" the appellant denied every fact essential to his guilt, including his identity with the person who committed the homicide, and threw upon the prosecution the necessity of proving this as well as the other facts necessary to establish his guilt. "The plea of 'not guilty' is a denial of the prisoner's identity with the person formerly convicted. No presumptions are to be made against the prisoner. The government must prove every essential allegation." (*Common-*

*wealth* v. *Briggs,* 5 Pick. (Mass.) 429.) "If there was a question of identity it was for the jury to determine." (*State* v. *Robinson,* 39 Me. 150.) Such determination must be made upon all the evidence before the jury, and not upon a presumption from a portion thereof.

Presumptions are only evidence to be considered by a jury in determining the issue before them, and the weight of such evidence will depend upon the circumstances under which the presumption is invoked. The provision of section 1959, Code of Civil Procedure, that "A presumption is a deduction which the law expressly 'directs' to be made from particular facts is not to be interpreted as requiring such deduction to be made except in the cases named in section 1962, where the presumption is declared to be conclusive." Under the provisions of section 1961 that in all other cases "the presumption may be controverted by evidence either direct or indirect," if such controverting evidence is introduced its effect as a presumption, to be accepted as conclusive of the fact, ceases to be operative, and the fact in question is to be determined by the jury upon a consideration of such evidence in connection with the presumption. The presumptions which, under section 1963, are declared to be disputable, are in effect only inferences which, in the absence of any controverting evidence, the jury is required to make, and, in civil cases, to accept as established facts, creating a preponderance of evidence; but as the effect of evidence controverting the presumption will vary with its character and the circumstances of each case, the court should not, by any instruction as to its weight, attempt to influence the jury in determining whether it is sufficient to create a reasonable doubt in their minds, or to establish a fact beyond a reasonable doubt.

The presumption of identity of person from identity of name can be invoked only in a case where such name is to be applied to a particular person involved. If such name be a common one in the vicinity, or if it be shown that there is more than one person to whom the name may be applied, there can be no presumption that either of such persons is the one to whom the jury should apply it. Mr. Wharton says (Crim-

inal Evidence, sec. 802) : "Identity of name is not, by itself, when the name is common, and when it is borne by several persons in the same circle of society, sufficient to sustain a conclusion of identity of person." In *Jones* v. *Jones,* 9 Mees. & W. 75, a promissory note had been made by Hugh Jones; and in an action thereon by the indorsee a witness testified that the signature was written in his presence by a certain Hugh Jones, but that he had not seen him since; and he also testified that the name of Hugh Jones was a very common one in the community where the note was signed. The court held that, inasmuch as it was shown that there were many persons by that name in the neighborhood where the note was made, there was no sufficient evidence of the identity of the maker with the defendant. This ruling was approved by Lord Denman in *Rodin* v. *Hyde,* 4 Q. B. 626. (See, also, 2 Phillips on Evidence, 509; 2 Greenleaf on Evidence, sec. 278d; Lawson's Presumptive Evidence, rule 57; *Hatcher* v. *Rocheleau,* 18 N. Y. 92.)

It may be assumed that at the trial herein the jury gave equal credence to the witnesses who testified that the defendant is not the person who shot the deceased, as they did to the witnesses who testified that he is. Indeed, there is no ground for assuming that they did not. If so, and there had been no other evidence, the prosecution must have failed in establishing an essential element for the conviction of the defendant. The only other evidence for consideration by the jury which connected the defendant with the homicide was the dying declaration of the deceased that Wong Lung shot him. The name Wong Lung is not identical with Wong Sang Lung, the name of the defendant and the name by which he was indicted; and irrespective of this fact it was shown that there were many Chinese in San Francisco by the name of Wong Lung; and the witness to whom the deceased made this declaration did not give any testimony tending to identify the defendant with the particular Wong Lung to whom the deceased referred in making the declaration; nor was it shown that this witness knew or had ever seen the defendant. The testimony that there were other Chinese in San Francisco by the name of Wong Lung was indirect evidence con-

troverting the presumption that might otherwise have been drawn from the identity of name, or which might have been invoked if it had been shown that the defendant was the only person in San Francisco by that name, and the jury should have been permitted to consider its effect; but, by stating to them the presumption without any qualification, the court told them in effect that they might find from the presumption alone that the defendant is the person to whom the deceased referred in his dying declaration. If it was the intention of the court to state to the jury the statutory rule authorizing such presumption, it should also have stated to them the provision in the same section of the statute that such presumption might be controverted by other evidence. The identity of name was a fact proper to be considered by the jury in connection with the other evidence; but in view of the other evidence it was error for the court to state to them that there was any presumption therefrom. In thus singling out a particular portion of the evidence and instructing the jury respecting the weight to be given to it, the court invaded the province of that body and disregarded the inhibition of the constitution against instructing them "with respect to matters of fact."

The judgment and order denying a new trial are reversed.

Cooper, J., and Hall, J., concurred.