## DALTON v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. April 16, 1907.)

No. 1,296.

**1. POST OFFICE—SCHEME TO DEFRAUD—USE OF MAILS—EVIDENCE.**

Where accused had been a party to a scheme to defraud during a period when the persons conducting the same had done so solely by means of express and telegraph companies, but was not shown to have had any connection with his former confederates after they commenced to unlawfully use the mails for such purpose, he was not guilty of violating Rev. St. § 5480 (3 U. S. Comp. St. 1901, p. 3696), prohibiting the use of the mails for the furtherance of a scheme to defraud.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Post Office, § 55.]

**2. CRIMINAL LAW—PRESUMPTION OF INNOCENCE—EFFECT.**

The presumption that accused would not remain a party to a conspiracy to defraud after his co-conspirators had adopted a criminal course by using the United States mails in furtherance of their scheme overcame the inference of fact that he was still a party to such conspiracy arising from proof of his former connection therewith.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

The plaintiff in error, John H. Dalton, was convicted with one Louis A. Gourdain, upon their joint trial under indictment for violations of section 5480, U. S. Rev. St. (3 U. S. Comp. St. 1901, p. 3696), and reversal is sought of the judgment thereupon against him. The indictment is the same described in the opinion upon the writ of error of the above-mentioned Gourdain (handed down herewith), and both cases are presented in a single transcript of record, under leave of this court, as the questions raised are identical, except in reference to evidence of participation in use of the mails for execution of the alleged scheme to defraud, and in minor particulars mentioned in this opinion. In the case referred to of Gourdain v. United States (No. 1,297) 154 Fed. 453, the averments of the indictment are sufficiently stated, and other material facts involved in this review are stated in the present opinion.

William S. Forrest, for plaintiff in error.
Frank G. Hanchett, for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

SEAMAN, Circuit Judge. The errors assigned for reversal of this judgment against the plaintiff in error, Dalton, are numerous, and all questions raised are exhaustively and clearly presented in the arguments, printed and oral. The decision upon each of the various contentions in the case of the codefendant below (Gourdain v. United States, in opinion handed down herewith), in reference to the sufficiency of the indictment and of error in denial of instructions, is equally applicable here. The contentions are substantially identical, and in that view the arguments in both cases were carefully considered, so that the opinion there is referred to for like conclusion upon each proposition and assignment on behalf of this plaintiff in error thus predicated.

Upon the complaint, however, of the plaintiff in error, Dalton, that the evidence was insufficient for his conviction of the offense charged, the records are plainly distinguishable. The question was raised by his motion for a direction to acquit—and as well by subsequent motions—and is reviewable. As the gist of the offense charged is complicity in execution of the alleged scheme to defraud through use of the mails, the sole inquiry is whether the testimony was sufficient for submission to the jury upon that issue. The evidence tends to establish that the alleged fraudulent scheme originated in 1903, and for more than a year was carried on through the use of express and telegraph companies, with no use of mails appearing prior to April, 1905— the dates of mailing averred in the several counts. The connection of the accused with such scheme appears from testimony of conversations with him long prior to the offense charged, and from strong circumstantial evidence of his participation up to the autumn of 1904. But beyond the complicity so appearing, there is no proof of his presence or participation in the business during a period of about six months prior to the first use of the mails in evidence, or at any subsequent time. Moreover, while several witnesses state conversations with the plaintiff in error to arrange for transmissions of the (so-called) literature by express in 1903 and 1904, the record is without proof, not only of the fact of using the mails during those years, but

of facts to charge the plaintiff in error with purpose at such times to use the mails in execution of the scheme.

The occasion of this departure from the original means to carry on the scheme—presumptively not criminal—does not appear, nor the time when the change occurred, except from the dates of mailing the letters in evidence, with April 5, 1905, as the earliest date; and the evidence which connects the codefendant, Gourdain, with these transactions, under the change in plan, is not applicable to convict the plaintiff in error of participation therein, as the essence of the offense charged, without further proof tending to establish his connection after such departure. In thus seeking use of the mails for the fraudulent scheme, section 5480 was obviously violated, while the scheme and operation during 1903 and 1904, when the plaintiff in error appears as a party, however obnoxious otherwise, was (presumptively) free from the offense charged not within the statute referred to. The chain of circumstances tending to establish his relation before the change to prohibited methods cannot serve, in the absence of a connecting link of proof, to raise an inference of fact that he not only continued in the operation during the intervening months, but deliberately joined in the criminal conduct then inaugurated.

The rule for which counsel contends in support of the submission to the jury of "the inference or presumption of continuance arising from the facts and circumstances proven" is inapplicable, as we believe, in any view of the strength of "the presumption of innocence, as evidence in favor of the accused, introduced by the law in his behalf" (Coffin v. United States, 156 U. S. 432, 458, 460, 15 Sup. Ct. 394, 39 L. Ed. 481), under these changed conditions. With the chain of evidence incomplete to connect the accused with such criminal change of course, by presence, acquiescence, or other coincident circumstance, the citations from the ruling and opinion in Dunlop v. United States, 165 U. S. 486, 503, 17 Sup. Ct. 375, 41 L. Ed. 799, are not deemed applicable; and we are not satisfied that facts were presented to authorize an inference that the plaintiff in error remained in the venture at and after the change. Under the established rule of our criminal law, however, as well defined in Coffin v. United States, supra, the "presumption of innocence is an instrument of proof created by the law in favor of the accused," and the presumption that the accused would not remain in the concern when it turned into a criminal course would set aside or overcome the assumed inference of fact relied upon.

We are of opinion, therefore, that error is well assigned for the above-mentioned cause, which includes the exceptions to the charge, in so far as the issues against the plaintiff in error were submitted to the jury. The errors assigned upon the record in respect of the motions for a new trial and in arrest of judgment require no discussion in view of the opinion in the Gourdain Case, supra, as the differences in the records are not deemed substantial.

The judgment of the District Court is reversed, accordingly, and the case remanded with direction to grant a new trial.