[Crim. No. 2466. Second Appellate District, Division One.—February 19, 1934.]

THE PEOPLE, Respondent, v. HERMAN DeVAUGHN, Appellant.

George W. Rochester for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

CONREY, P. J.—In action No. 53418 the defendant was accused of the crime of receiving stolen property, then and there the personal property of one Orlando, defendant well knowing the same to have been stolen. The alleged date of commission of this crime was July 11, 1933. In action No. 53640 the information contained two counts charging commission by defendant of the like crime of receiving stolen property, that is to say, that on July 7, 1933, he received into his possession certain stolen personal property of one Lindberg; and by count II that on July 11th he received into his possession stolen personal property of one Carl Brandin. The cases were consolidated for trial, and defendant was convicted on all of these counts and sentenced accordingly. He appeals from the judgments and from the order denying his motion for a new trial. Although we

have concluded that the judgments and order must be affirmed, we pause to suggest that appellant's brief is a model for clarity in presentation of the grounds of appeal, and in its compliance with the rules relating to briefs. Much time of the court, now wasted in attempting to understand the contents of briefs, could be saved by better briefing.

Point One A: That "the consolidated informations and the separate general verdicts are not sufficient to sustain the judgments". The Penal Code, section 496, states the elements of the offense of receiving stolen property to be, when a person "for his own gain, or to prevent the owner from again possessing his property, buys or receives any personal property, knowing the same to have been stolen". By the first information, and count II of the second amended information, the offenses were charged to have been committed by the defendant "for his own gain and to prevent the owner from again possessing his personal property, . . . well knowing the same to have been stolen". By count I of the second information it is charged that the defendant "to prevent the owner from again possessing his property" bought and received, etc. On each charge the verdict of the jury found the defendant guilty of receiving stolen property, a felony, *as charged in the information.* We do not agree with appellant in his claim that the decision in *People* v. *Tilley,* 135 Cal. 61 [67 Pac. 42], sustains his proposition that the verdicts in this case are insufficient to sustain the judgments. In the Tilley case the verdict as rendered found the defendant "guilty of receiving stolen property". This was not equivalent to a verdict of guilty of such crime as charged in the information. The distinction which appellant seeks to make, founded upon the language of Penal Code, section 496, between the offenses therein described, as committed by an offender "for his own gain *or* to prevent the owner", etc., is not in our opinion weighted with the consequences for which appellant here contends.

Point Two: That the defendant was convicted and sentenced for three offenses when only two were charged in the informations. It is true that the offense charged in the first information and the offense charged in count II of the second information, both were said to have been committed on the eleventh day of July. But the goods received,

as stated in each count, were the property of a different person, and were not necessarily received at the same moment of time, or in the same transaction. There is evidence from which the jury might have inferred that they were not received either at the same time or in the same transaction.

██ Point Three: That the court erred in its decisions on questions of law arising out of objections made by defendant to introduction of testimony of distinct and separate offenses, offered by the prosecution, where such objections were overruled. The instance given under this heading occurred in the testimony of one Piper (who was the thief who sold the goods to defendant), and in the testimony of the officer, E. J. Henry, one of the officers who arrested the defendant. While Piper was giving testimony concerning his sale to defendant of a stolen suit of clothes, he was permitted to answer concerning other articles included in the same sale, and that for all of them together he received the single price of nine dollars. Likewise, over objections that the questions were immaterial, the witness was permitted to state that before that time he had several other transactions wherein he had sold stolen articles to the defendant, and that on one occasion when he brought to defendant a diamond ring, defendant asked him if it was "hot", and that witness told him he had got it about two hours ago. Also, that on another of those occasions he brought to defendant a fur coat. "He asked me where it came from and I told him I thought he had better have the lining changed in it before he done anything with it." The other instances are of similar character. In the testimony of officer Henry he made statements concerning various articles of clothing which he found in the defendant's house, but it does not appear that there was any objection made or any ruling by the court, except that after the answers had been given the attorney for defendant remarked that "what has happened to any other articles or what has been done with them is hearsay, if your Honor please. We are merely being tried for these articles here. The Court: Objection overruled." We think that the court did not err in its rulings upon the objections made by defendant's counsel. The transactions were part of a series, all conducted between defendant and one and the same thief. Even where the articles were not

actually intermingled with those described in the informations, they were received under circumstances which had evidentiary value upon some elements of the crime charged, namely, that the defendant knew that the articles described in the informations were stolen, and that he bought them both for his own gain and to prevent the owner from recovering their possession.

We may accept without question the proposition stated by appellant, and contained in numerous decisions quoted by him, that, generally speaking, evidence of a separate and distinct offense is not admissible as the basis of inference and argument that the defendant may have committed the particular crime for which he is on trial. Testimony is not relevant simply because it tends to show that the defendant at some other time was guilty of a similar offense. In the case before us, if the court had allowed the prosecution to introduce testimony showing that the defendant had purchased stolen property from some thief other than the witness Piper, and entirely unconnected with the defendant's dealing with the witness Piper, we would have an illustration of the kind of objectionable evidence to which the rule refers.

Point Four: That the evidence is insufficient to justify or sustain the verdicts of guilty on all or any of the three charges, and are contrary to the law and the evidence. The particular claim is that the evidence does not show specific guilty knowledge coupled with specific guilty intent of preventing the owner from again possessing the goods *or* a specific intent to hold the goods for his own gain. This point seems to be without merit. It is true that the evidence does not show that defendant was told in direct terms that the goods were stolen. Proof of his knowledge of that fact rests entirely upon the evidence of the circumstances under which he bought the property. We think that the evidence in this case justified the jury in its inference, to the effect that the defendant knew that the goods were stolen, and that if he did not have that knowledge by direct evidence thereof, this must have been because he wilfully refrained from making inquiries which under the circumstances should have been made by him. (*People* v. *Mercado,* 59 Cal. App. 69 [209 Pac. 1035] ; *People* v. *Clausen,* 120 Cal. 381 [52 Pac.

658].) The fact that there were contradictions in the testimony of the witness Piper, together with discrepancies and confusion therein, merely raises a question of conflict in the evidence, and is not sufficient to sustain a contention on appeal that the evidence is not sufficient to sustain the verdict.

■ Point Five: This also relates to insufficiency of the evidence, and particularly its insufficiency "to stand against a motion for a new trial". This point goes merely to the exercise of discretion by the trial court in determining whether or not the alleged weakness of the evidence required the granting of a new trial. We find no reason for interfering with the trial court's decision on that question.

■ Point Six: That there is a material variance between the alleged charges in the information and the attempted proof introduced at the trial. This point is based upon the absence of evidence fixing the precise dates when the property was received by the defendant. This is especially related to appellant's claim that the two offenses charged as having been committed on July 11th were in reality one single offense, if committed at all. The witness Piper directly testified that there were two of these July 11th transactions, and that one of them was "another occasion" from the other. The claimed discrepancy between the charge and the proof apparently does not exist.

■ Point Seven: That the court erred in giving an instruction which, standing alone, is a conclusion of law on the proof of guilt. This was an instruction relating to the proof required to establish commission of the offense of receiving stolen property. Appellant contends that this instruction is similar to an instruction which the Supreme Court ruled against in *People* v. *Levison,* 16 Cal. 99 [76 Am. Dec. 505]. In that case the trial court in an instruction upon the question of guilty knowledge as an element of receiving stolen goods, knowing them to be stolen, said: "This may be shown either directly by the evidence of the principal offender, or circumstantially, by proving that the defendant bought them very much under their value, or denied their being in his possession, or the like." The Supreme Court, in commenting upon this instruction, said that it understood that the court asserted, as a conclusion of law, that "the purchase of goods,

at a great under-value, by defendant, is sufficient proof of the knowledge by him that the goods were stolen''. The court held that facts of the description given in the quoted instruction were facts which, in connection with other facts, might be sufficient to establish the guilt of the defendant; but, on the other hand, declared that ''neither of these facts, standing alone, especially if there be rebutting proof, constitutes *a legal conclusion of guilt''*. For these reasons the court held that the instruction as given was erroneous.

In the case now before us the challenged instruction reads as follows: ''In order to constitute the offense of receiving stolen property, it is not required that there be direct proof showing that the receiver was so informed by the person from whom the goods were received. The element of knowledge may be shown by the circumstances, such as buying at a price greatly below the value of the goods, or buying from irresponsible individuals, or buying under other circumstances which would indicate to the ordinarily prudent individual that the property was stolen.

''Knowledge may also be inferred by taking into consideration the surrounding circumstances in which the goods were received, such as the character of the vendor, the kind of goods and the time when they were received, and if it appears that the receiver suspected that the goods were stolen and abstained from inquiry lest he should know, knowledge may be inferred.''

We think that by giving this instruction the court probably did not intend to assert as a conclusion of law that the buying for a price greatly below the value of the goods or the buying from an irresponsible individual would constitute sufficient proof of knowledge by the defendant that the goods were stolen. But the form in which the statement was made by the court is not to be commended, since it leaves the instruction open to argument about the intended meaning, and is not clear, whereas it easily might have been made clear and certain. Assuming that there was error, that is not in this instance a sufficient reason for reversal. The evidence so strongly proves defendant's knowledge of the fact that he was buying stolen property, that a finding against him on that issue was the only reasonable finding that could have been made.

The judgments and orders are, and each of them is, affirmed.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 5, 1934, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 19, 1934.