[Crim. No. 608. Fourth Appellate District.—March 17, 1941.]

THE PEOPLE, Respondent, v. FELIX SEERMAN, Appellant.

C. E. Crowley and Newel S. Crowley for Appellant.

Earl Warren, Attorney-General, and Gilbert F. Nelson, Deputy Attorney-General, for Respondent.

GRIFFIN, J.—Appellant was charged with the crime of receiving stolen property, pleaded not guilty and in person waived his right to a jury trial. The trial court found the appellant guilty and his motion for a new trial was denied. This appeal is from the judgment, and from the order denying the motion for new trial on the ground of the insufficiency of the evidence and alleged errors of law.

On the first day of July, 1940, a fourteen-year-old high school boy named Jack Detter entered a house in Ontario, California, the residence of Mrs. Dorothy D. Lucas, and took, among other things, a gold wrist watch. On the 2d or 3d of July, 1940, he sold this wrist watch at a pawn shop known as the Diamond Loan and Jewelry Company, in Ontario, which was operated by the appellant as general agent. The boy first went into the shop and talked with a lady, Mrs. Golden, the mother of the appellant. She told him to obtain his mother's consent to the sale of the watch and return later. On the second visit the boy brought a note which purported to give authority to him, under the fictitious name of John Dodge, to sell the watch for his mother, which note was signed under the fictitious name of Dolores Dodge. In purchasing the watch appellant made out a report of the sale on the form required by law. This form required a description of the person "making the sale". Instead of describing the boy, appellant filled out the form describing the fictitious person, Dolores Dodge, giving her weight, complexion, color of hair, sex, height, occupation and the style of dress. The boy testified that this was filled in by the appellant and the appellant's mother without any information being given to them by him. The boy, however, did write the name Dolores Dodge right under the fictitious name John Dodge. The appellant issued a check in the sum of $2.50 and made it payable to C. A. Dodge who, it was claimed by the boy, was his father. The endorsement was forged by Jack and the check was cashed by him. The watch was four years old and originally cost $32 with the wrist band. Appellant took the stand in his own defense and admitted that he was not acquainted with Jack

and had never seen him before he bought the watch, and that he had never heard of any person by the name of Dolores Dodge. He admitted that the boy had given him the address where he lived, and admitted further that he made no investigation to determine whether Dolores Dodge lived at that address, nor did he make any investigation to determine whether Dolores Dodge was an existing person. The appellant also admitted that Jack told him he was only 14 years of age and further admitted that the only investigation he made was by questions asked of the boy himself. Section 496 of the Penal Code provides in part that ''Every person who for his own gain, or to prevent the owner from again possessing his property, buys or receives any personal property, knowing the same to have been stolen; . . . is punishable, etc.'' Section 496bb, subdivision 2 of the Penal Code provides:

''Every person whose principal business is dealing in or collecting used or second-hand merchandise or personal property, and every agent, employee or representative of such person, who buys or receives any property which has been stolen . . . , under such circumstances as should cause such person, . . . to make reasonable inquiry to ascertain that the person from whom such property was bought or received had the legal right to sell or deliver it, without making such reasonable inquiry, shall be presumed to have bought or received such property knowing it to have been so stolen or obtained. This presumption may, however, be rebutted by proof.'' Subdivision 3 provides in part: '' . . . the burden shall be upon the defendant to show that before so buying . . . he made such reasonable inquiry to ascertain that the person so selling or delivering the same to him had the legal right to sell or deliver it''.

Appellant contends (1) that notwithstanding the presumptions in the case, his acts established his good faith and absence of guilty intent because, although there was no dispute that the watch was stolen, he did not know it was stolen nor was this knowledge established; (2) that he made due inquiry; (3) that he believed the mother's note to be genuine; (4) that he made the check payable to the boy's father.; (5) that he was an employee and did not personally profit by the deal; (6) that he reported the transaction to the police department; and (7) that the essential elements of the crime were not established and that there was a complete lack of

proof of guilty knowledge or criminal intent on the part of appellant (citing *People* v. *Ward,* 105 Cal. 652 [39 Pac. 33], *People* v. *Levison,* 16 Cal. 98 [76 Am. Dec. 505], *Wolf* v. *United States,* 290 Fed. 738, 22 Cal. Jur. 555, sec. 1 et seq., *People* v. *Wong Sang Lung,* 3 Cal. App. 221 [84 Pac. 843], and *Dalton* v. *United States,* 154 Fed. 461 [83 C. C. A. 317]). Section 496bb of the Penal Code requires reasonable inquiry to be made to ascertain that the person from whom property is bought had the legal right to sell it. The appellant admitted that he had never seen the boy before he bought the watch. Appellant therefore had no independent knowledge about the boy and made no attempt to get any independent information.

There is no evidence in the record to show any inquiry to ascertain that the person from whom the watch was purchased had the legal right to sell it. The only questions asked were asked of the boy. He had given appellant his address and three fictitious names. There is no showing that appellant made the slightest attempt to ascertain whether those names were fictitious or were the names of actual persons. This action took place in Ontario, a relatively small community. It would not have been difficult to find some independent source of verification. If inquiry of the seller alone were sufficient in and of itself, the requirement of the section would be of little force or effect. The appellant suspected the boy's right of sale but made no inquiry to ascertain the boy's legal right of sale. The presumption that the appellant knew that the property was stolen, therefore, had to be rebutted by proof as required by Penal Code, section 496bb, subdivision 2. Furthermore, the prosecution showed that appellant's principal business was dealing in secondhand merchandise, and that he bought a stolen watch from a person he suspected. The burden was upon appellant, therefore, to prove a reasonable inquiry of the seller's legal right of sale before he purchased the watch. (Pen. Code, sec. 496bb, subd. 3.) No such evidence appears in the record. The presumption of guilty knowledge was determined not to have been overcome. The evidence, although in conflict, was legally sufficient to support the finding of the court. (*People* v. *Rossi,* 15 Cal. App. (2d) 180, 183 [59 Pac. (2d) 206].)

In *People* v. *DeVaughn,* 136 Cal. App. 746, at 751 [29 Pac. (2d) 914], it was said:

"It is true that the evidence does not show that defendant was told in direct terms that the goods were stolen. Proof of his knowledge of that fact rests entirely upon the evidence of the circumstances under which he bought the property. We think that the evidence in this case justified the jury in its inference, to the effect that the defendant knew that the goods were stolen, and that if he did not have that knowledge by direct evidence thereof, this must have been because he wilfully refrained from making inquiries which under the circumstances should have been made by him." (See, also, *People* v. *Moore*, 137 Cal. App. 130 [30 Pac. (2d) 79].)

The principal circumstance showing guilty knowledge is that the boy testified that no information was asked of him except his address. He testified that the identification and description of the party selling the property was all filled in by the appellant or the appellant's mother without asking any questions of him. The description filled in was the description of the fictitious person, Dolores Dodge, whom appellant never saw. He admits he never knew such a person. The form of the report was such as to require a detailed description of the person *making the sale,* regardless of the ownership of the articles sold. A description of some person other than the person making the sale renders the report of no avail for the purpose for which it was intended and is a very suspicious circumstance. A person deals with a minor at his own risk. In the instant case the boy who sold the appellant the watch told him that he was only 14 years of age. Section 496 of the Penal Code provides that if property is purchased from a person under 18 years of age it shall be presumptive evidence that the property was stolen. It seems clear that these circumstances were such as to put a reasonable man on notice and such as should have put the appellant on notice that a reasonable inquiry was required. These circumstances and presumptions, opposed to the appellant's evidence, create only a conflict. The determination of this conflict was for the trial court and under the well-known principles of law this court will not disturb that finding on appeal. (*Chichester* v. *Seymour,* 28 Cal. App. (2d) 696 [83 Pac. (2d) 301].)

Appellant's claimed errors of law were predicated upon certain comments made by the trial judge during the trial of the action, which comments we have examined and

find no prejudicial error. The trial was had before the court without a jury. No prejudice can be presumed thereby.

Appellant contends that it was error to deny his motion for a new trial because the evidence was insufficient to support the judgment, and complains of the refusal of the court "to correct the transcript relative to the proceedings and offers made at the time the motion for new trial was had". We have examined the proffered evidence and find that the court's conclusion that it was immaterial or cumulative must be sustained.

The order denying the motion for new trial and the judgment are affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing was denied March 31, 1941, and appellant's petition for a hearing by the Supreme Court was denied April 16, 1941.